(118 App. Div. 224)

In re BRIGGS AVENUE IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

EMINENT DOMAIN—DAMAGES—BUILDINGS ERECTED AFTER COMMENCEMENT OF PROCEEDINGS.

Though one erects a house on his lot after commissioners of estimate and assessment have been appointed in proceedings to take part of the lot for opening a street, yet, the city not having thus acquired title to the land, he is entitled to an allowance for damages on account of the building, without regard to his good or bad faith in erecting the building.

Appeal from Special Term, Kings County.

Application by the city of New York relative to acquiring title to lands for the opening of Briggs avenue. From an order confirming the report of the commissioners of estimate and assessment, Frank L. Bacon appeals. Reversed, and report remitted to commissioners.

See 82 N. Y. Supp. 575.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and SCOTT, JJ.

Lawrence E. French, for appellant.

John P. Dunn, for respondent.

SCOTT, J.   The appellant, the owner of lots a portion of which were taken in this proceeding, appears from the order confirming the report of the commissioners of estimate and assessment; his grievance being that the commissioners have refused to include in their award compensation for a building erected by him under the following circumstances. On December 31, 1901, the commissioners were appointed in the proceeding. On June 1, 1902, the appellant, Frank L. Bacon, bought from the city of New York at public auction the building in question, which had been taken by the city, and compensated for, in another street opening proceeding. Under the terms of his purchase Bacon was obliged to take the building off the lot upon which it then stood. On June 26th he purchased the lots upon which the building now stands, and proceeded to prepare a foundation and to move the building. This work was completed by May 30, 1903. The building was so erected upon the lots involved in this proceeding that, in front, it projects about 18 feet over the property to be taken in this proceeding. The cost to the appellant of moving and re-erecting the building appears to have been about $3,000. It does not appear how much he paid for it at the auction sale. The amount claimed as compensation for the building is much greater than its apparent cost to the appellant. It was considered by the court below, and we assume for the purpose of this appeal, that the appellant deliberately and intentionally placed the house where he did for the purpose of recovering from the city, as compensation for its taking, a very much larger sum than it had cost him. At the time he purchased the lots these proceedings had been in progress for about six months, and it is hardly supposable that, when he bought, he did not know all about the proceedings, and just how much of his lots would be taken.

The court below was of opinion that, because it appeared that appellant had been guilty of bad faith in deliberately placing the building where he did place it for the sole purpose of enhancing the damages to be collected from the city, he had thereby forfeited any right to compensation for the destruction of or injury to the building. We regret that we are unable to concur in this view. It is perfectly well settled that title to real estate remains in the owner until it is actually taken by the city, and until that time he has the legal right to deal with it as his own, and it is now well settled in this state that the act in force for many years, which forbade the allowance of compensation to the property owner for buildings erected upon his land after the filing of a map showing that the land on which the building was erected was

to be thereafter appropriated to public use, was unconstitutional, because it deprived the owner of the use of his land without compensation or due process of law. Forster v. Scott, 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543. That decision rested upon the clear and strong ground that all that is beneficial in property arises from its use and the fruits of that use, and that whatever deprives an owner of these deprives him of all that is desirable or valuable in the title and possession. We are unable to see why the principle of that case, and those which have followed it, does not extend to and cover the present case. As we view it, the owner of the lots had the absolute right, until the city had actually taken title, to use and improve his property as he would; and if he exercised no more than his strict legal right the question of good or bad faith is not important. Of course, if an owner, knowing that the property is soon to be taken, places upon it extravagant or inappropriate improvements, he runs a risk that the commissioners may not deem the improvements to be worth as much as they cost; but that question does not arise here.

It. is not to be lost sight of that it is always a matter of much uncertainty when a proceeding of this nature will be concluded, for the city may discontinue at any time. It is a matter of common knowledge that such proceedings often extend over many years. Indeed, the motion to confirm the report of the commissioners in this proceeding was not made until February, 1906, four years after the commissioners were appointed, and nearly three years after the appellant had moved and set up his house. That the house had already been condemned and paid for in another proceeding is of no moment, for precisely the same question would have arisen if Bacon had erected a new house where he set up the old one. When the city in the first proceeding acquired the house, it might have destroyed it. It elected to sell it, with the requirement that it be moved away. Or it might by resolution of the appropriate board have taken title at any time, but elected not to do so. Either of these steps, which the city might have taken, but did not, would have effectually prevented the re-erection and recondemnation of the house. How much should be allowed is a question. not now before us. That rests with the commissioners. All that the statute requires is just compensation, and all that the city needs to acquire is about 18 feet of the house. In view of the facility with which this particular house can be moved about, and the appellant's opinion, expressed by his acts, that it is an appropriate improvement for lots in this locality, the commissioners may consider that the cost of moving it back on the property not taken for street purposes will be an element to be considered in arriving at the just compensation to be awarded.

The order must be reversed, and the report returned to the commissioners for revision in accordance with the view herein expressed. All concur.