(120 App. Div. 393)

### In re BAYCHESTER AVE. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

1. EMINENT DOMAIN—DAMAGES—BUILDINGS MOVED AFTER COMMENCEMENT OF PROCEEDINGS.

   Where a party moved a house onto her lot after commissioners of estimate and assessment were appointed and hearings begun to take part of the lot for the widening of an avenue, but before the city had acquired title to the land, she was entitled to an allowance for damages on account of the building, without regard to the good or bad faith in moving it.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 359, 360.]

2. SAME—CONDEMNATION PROCEEDINGS—ASSESSMENT BY COMMISSIONERS.

   Where, on a hearing before commissioners of estimate and assessment appointed in proceedings to take part of a lot to widen an avenue, it was discovered that a building had been moved onto the lot subsequent to the filing of the damage map, the commissioners should have allowed an adjournment of the matter, to enable the city to ascertain the exact location of the building with respect to the widened street.

3. SAME—EVIDENCE—DAMAGES.

   On a hearing before commissioners of estimate and assessment appointed in proceedings to take part of a lot to widen an avenue, where it was found that a house had been moved onto the lot subsequent to the filing of the damage map, it was error to exclude evidence as to whether the house could be moved back onto other land without damage, since, if it could be, the cost of moving and installing it without injury would be an element to be considered in arriving at the just compensation to be awarded.

Appeal from Special Term, New York County.

Application by the city of New York relative to acquiring title to lands for the widening of Baychester avenue. From an order confirming a report of the commissioners of estimate and assessment in favor of Mary A. O'Brien, the city appeals. Reversed, and report remitted to commissioners.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and LAMBERT, JJ.

John P. Dunn, for appellant.
John T. Delaney, for respondent.

HOUGHTON, J. The respondent was the owner of a plot of land designated as "parcel 194" on the damage map filed in this proceeding, which was initiated by resolution of the board of public improvements, adopted April 25, 1900. The commissioners were appointed

October 21, 1901, and hearings were begun in January, 1902. The improvement was the widening of Baychester avenue. The respondent was the owner of block 16½, as designated on the map, which consisted of five lots, numbered 14 to 18. The widening of the avenue took a greater portion of lot 14. After commissioners were appointed and hearings before them had begun, the respondent moved and installed upon lot 14 a dwelling house. As the avenue was to be widened its westerly line would cut off the front of this house, and largely because of that fact the respondent was awarded something over $6,000. From the record it is apparent that the respondent moved the house upon the lot, which she knew was to be taken for the purpose of widening the avenue, for the very purpose of having it destroyed and recovering damages therefor. On the hearing before the commissioners the position of the city was that, this being the situation, the respondent could not recover damages for the destruction of the house. This court has recently held that the fact that one erects a house on his lot after commissioners of estimate and assessment have been appointed in proceedings to take part of the lot for opening a street does not prevent him from recovering damages for its destruction, whether or not the building was erected in good or bad faith. In re Briggs Ave., 118 App. Div. 224, 102 N. Y. Supp. 1102. The above case lays down the proposition, however, that the commissioners may take into consideration whether or not the claimant can move the building back upon his lot, and thus avoid its destruction; and, if that can be done, then the cost of moving and installing it without injury would be an element to be considered in arriving at the just compensation to be awarded. In the present case the lot is cut lengthwise, but the claimant owns lots in the rear which would give sufficient depth for a building if moved back upon them. It may be that these lots are not too valuable to be used for this purpose, and that by so using them the building need not be destroyed.

Council for the city were evidently surprised to learn on the hearing that a building had been erected on the lot subsequent to the filing of the damage map, and they applied to the commissioners for an adjournment of the matter to enable them to ascertain its exact location with respect to the widened street. Several questions were propounded to a witness called in behalf of the city respecting the building; one of them being whether or not it could be moved off the lot, which question the witness was not permitted to answer.

We think the commissioners should have granted the application of the city for the adjournment of the hearing to enable it to learn the facts, and that it was error to exclude evidence with respect to the removal of the building. It is not entirely clear that counsel for the city, when he propounded this question, had in mind the fact that the claimant owned the lots in the rear of the building, and that he meant by his question as to its removal whether or not it could be moved back from the street onto these lots; but he might have had that in mind, and, if he had been permitted to pursue his inquiry, he might have developed that fact.

The order so far as appealed from should be reversed, without costs, and the report returned to the commissioners for revision. All concur.