# SECOND DISTRICT, 1897.

GEORGE CLAYTON ET AL. v. FRANCO-TEXAN LAND CO. ET AL.

Delivered February 8, 1897.

**Bond of Indemnity Against Incumbrance—Failure of Title.**

Where a vendor of land gave a bond to indemnify the purchaser against the payment of a certain note constituting a lien on the land, and against the payment of all other claims, liens and demands thereon, such bond shows on its face that it was not intended as a warranty of title, and, though the title to the land fails, recovery cannot be had thereon unless the purchaser has paid some lien.

APPEAL from Taylor. Tried below before Hon. T. H. CONNER.

*John Bowyer*, *H. L. Bentley*, and *Kirby & Kirby* for appellants.

[No brief for appellee reached the Reporter.]

HUNTER, ASSOCIATE JUSTICE.—This was an action of trespass to try title to section 3, block 18, T. & P. Ry. Co. survey in Taylor County, brought by Thomas McCormick, as plaintiff, against the Franco-Texan Land Co., W. G. Martin, and George Clayton, as defendants. The case has been before the Supreme Court on appeal by the Franco-Texan Land Co., and is reported in 85 Texas, 416.

Plaintiff's first amended petition, besides the allegations in trespass to try title as against the Franco-Texan Land Co., alleged, as against defendants Martin and Clayton, that they executed to him, at the time of his purchase of said land, the following bond which is made a part of the petition:

"The State of Texas, }
  "Taylor County.   }
  "Know all men by these presents, that we, W. G. Martin, as principal, and ———— and ———— as sureties, acknowledge ourselves held and firmly bound to Thos. McCormick in the sum of nine hundred and fifty dollars, which sum we bind ourselves, heirs, executors, and administrators, to pay to the said Thos. McCormick or assigns.

"The condition of the above obligation is such, that if the above bounden W. G. Martin shall forever protect and hold harmless the said Thos. McCormick from the payment to the Franco-Texan Land Co., its successor or assigns, of a certain promissory note for $950, executed by the said Martin to said company for part of purchase price of certain lands, including Sec. No. 3, Bl. No. 18, T. & P. Ry. land in Taylor Co., which said section the said Martin and F. R. Milliken have deeded to the said McCormick by their certain deed, with covenants of general warranty, of even date herewith, and shall also protect the said McCormick, heirs and assigns, from the payment of all and any other claims, liens and demands against said land of whatsoever kind, then and in such case this instrument shall be null and void, otherwise to be and remain in full force and effect.

"W. G. MARTIN,
"GEO. CLAYTON."

On the trial of the cause plaintiff introduced deed with covenants of general warranty, dated September 14, 1895, from W. G. Martin and one Milliken to Thomas McCormick, conveying the land in suit and reciting a consideration of $1022.50 paid; also the bond sued on as above set out.

It was admitted on the trial and here that, by reason of the law and the facts, the defendant the Franco-Texan Land Co. is entitled to recover the land described in plaintiff's petition. It was proven that the consideration expressed in the deed from Martin and Milliken to McCormick was actually paid as recited in the deed; that before the delivery of said deed to plaintiff McCormick the bond hereinbefore set out was executed; that said deed and bond were thereupon delivered together, and that said McCormick refused to pay the said consideration until said bond was executed and delivered.

The case was tried by the court without a jury, and judgment was rendered in favor of the Franco-Texan Land Co. for the land and in favor of plaintiff against defendants Martin and Clayton on said bond for $950, from which judgment Martin and Clayton appeal.

The sixth error complains that the court erred in rendering judgment against the defendants, because same is neither warranted by the pleadings nor supported by the evidence, in that there was no semblance of any evidence that the condition of the bond sued on had been broken.

There was no evidence that plaintiff had ever paid or been called on to pay the note for $950, nor that he had ever paid or been called on for the payment of any other claim, lien or demand against said land, and neither did the pleadings aver that plaintiff had paid any sum whatever by reason of said note. The only claim averred against appellants was that, if plaintiff lost the land, he have judgment against appellants for $950 on the bond.

We are of opinion that the bond sued on shows on its face that it was intended as a bond of indemnity, and was not intended as a warranty of title to the land, as the court seems to have treated it; and that the loss of the land by recovery thereof by the Franco-Texan Land Co. was not a breach of the bond, but that to entitle appellee to recover on the bond he must aver and prove that he had to pay the $950 note or some part thereof, or had to pay some other "claim, lien or demand." The use of the word "payment" clearly indicates that the parties had in mind only debts against the land, which are satisfied by payment, and not claims of title to the land.

We are therefore of opinion that the court erred in rendering judgment for appellee Thomas McCormick on the bond, and that no action is maintainable on this bond by reason of the failure of title to the land; and the judgment is therefore reversed and here rendered for appellants, as against Thomas McCormick, but without prejudice as to any suit he may see proper to hereafter institute against W. G. Martin and Milliken on the covenants of warranty contained in the deed to the land in controversy; and the judgment is affirmed in favor of the Franco-Texan Land Co. It is further ordered that Thomas McCormick pay all costs of this court and of the District Court.

*Reversed and rendered.*

Stephens, Associate Justice, disqualified and not sitting.