(63 App. Div. 193.)

## BARTH v. WARD et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

WARRANTY DEED—COVENANT AGAINST INCUMBRANCES—BREACH.
        A grantor gave a deed with warranties against incumbrances, and, an
    assessment in the form of a lien on the property having been declared
    invalid by reason of the unconstitutionality of the statute under which
    it was laid, the grantor gave the grantee a bond conditioned that he
    would pay the assessment if an appeal were taken from the judgment
    declaring the assessment invalid, and a reversal had. No appeal was
    taken, but subsequently another assessment was levied for the same im-
    provement, but under another statute. *Held*, that the grantor was not
    liable for such assessment.

Appeal from trial term, New York county.

Action by John C. Barth against J. Langdon Ward and another, as
executors of the will of George Bliss. From a judgment in favor of
plaintiff, defendants appeal. Reversed.

On the 31st day of January, 1896, in the city of New York, the residence
of all the parties, the defendants' testator, George Bliss, and wife executed
and delivered to the plaintiff a deed wherein and whereby they conveyed
to the plaintiff certain property at Long Branch, N. J., subject to a mortgage
therein mentioned and described. This deed contained covenants as fol-
lows: "And the said George Bliss, for himself, his heirs, executors, and
administrators, covenant and agree to and with the said party of the second
part, his heirs and assigns, that he, the said George Bliss, is the true, law-
ful, and right owner of, all and singular, the above-mentioned described land
and premises, and of every part and parcel thereof, with the appurtenances
thereunto belonging, and that the said land and premises, or any part there-
of, at the time of the sealing and delivery of these presents, are not incum-
bered by any mortgage, judgment, or limitation, or by any incumbrance
whatsoever, by which the title of the said party of the second part hereby
made or intended to be made of the above-described land and premises can
or may be changed, charged, altered, or defeated in any way whatsoever,
except as aforesaid. And also that he, the said George Bliss, will warrant,
secure, and forever defend the said land and premises unto the said John
C. Barth, his heirs and assigns, forever, against the lawful claims and de-
mands of all and every person or persons, freely and clearly, freed and dis-
charged of and from all manner of incumbrances whatsoever." At the time
of the delivery of this deed there was of record an assessment against the
property conveyed, purporting to have been laid for the peculiar benefits
decided to have been conferred upon the said premises by certain public im-
provements, amounting to the sum of $1,834.43, which was in form a lien
upon the property. The defendants' testator claimed that this assessment
was not a lien, but was utterly void, because of the unconstitutionality of
the act under which the proceedings for the making of the said alleged im-
provement and the laying of the assessment were had and made; and on the
delivery of the deed the defendants' testator gave the plaintiff $2,500 to
deposit in a trust company, to await the decision of the New Jersey court as

to the validity of the assessment, upon the agreement that, if the assessment should be declared void by proceedings taken in the courts, the amount, with interest, should be returned to him, and that "if no decision is had in the New Jersey courts before July 1st, 1896, Mr. Barth may use the deposit to pay the assessment." Thereupon proceedings were commenced by the said Bliss in the supreme court of New Jersey, by certiorari, to test the validity of the said assessment; and thereafter such proceedings were had therein that on the 8th day of June, 1896, the following judgment was entered: "The court having heard the argument of counsel, and inspected the return, proceedings, and assessments removed by the writ in this cause, and duly considered the reasons filed, and being of opinion that the act of the legislature under and by virtue of which said proceedings were instituted, the work done, and said assessments made, is unconstitutional and void, it is ordered that said proceedings and assessments be set aside, made void, and for nothing holden, with costs." Upon the entry of this judgment the said Bliss demanded the return of the deposit, to which the plaintiff objected on the ground that there might be an appeal from said decision and a reversal thereof, and thereupon an agreement was made and entered into between the said plaintiff and the said Bliss by which it was agreed "that the said Barth shall immediately on the execution hereof, and of the delivery to him by said Bliss of a bond of the City Trust, Safe-Deposit and Surety Company of Philadelphia, securing the performance hereof by said Bliss, pay over to said Bliss the said sum of $2,500 and interest, and that in case at any future time an appeal shall be duly taken from said adjudication of the supreme court of New Jersey, and that on said appeal the said adjudication shall be reversed, and the said assessment shall be finally adjudged to be a lien upon said property, so that said Barth shall become liable to pay the same to relieve the property from such lien, then and in such case the said Bliss shall, on demand, pay to said Barth the amount he is so compelled to pay." The bond required by the said agreement was duly given, and thereupon the plaintiff returned and repaid the defendants' testator the said sum of $2,500 deposited with him as aforesaid. No appeal was ever taken from the adjudication of the supreme court of New Jersey setting aside the assessment; but subsequently a new proceeding was commenced, under which another assessment was made on the property for the same improvement, and duly confirmed. The plaintiff notified the defendants that this assessment had been made, and that it was for the same improvements for which the assessment so vacated had been levied, and demanded that these defendants pay the same, which they refused to do. The plaintiff then paid the same, with interest,—the sum paid amounting to $1,734.85,—and thereafter presented to these defendants a claim for the amount so paid. This claim the defendants rejected and refused to pay, whereupon this action was brought to recover the same, resulting in a judgment for the plaintiff, and from such judgment this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

James Langdon Ward, for appellants.
Wm. J. Lippman, for respondent.

HATCH, J. The defendants filed exceptions to the decision of the court, which requires us to review the facts in this case; and, after careful consideration of the questions presented, we are of the opinion that certain material facts found by the court as a basis for its conclusions of law are not supported by the evidence. It is alleged in the complaint, and found as a fact by the court, that the supreme court of New Jersey, in setting aside the assessment against the property purchased by the plaintiff from defendants' testator, not only decided that the act of 1882, under and pursuant to which the assessments were made, was unconstitutional,

but that said assessments should have been levied under the pro-
visions of chapter 59 of the Laws of 1878 of the state of New Jersey,
entitled "An act to provide for the assessment and payment of the
costs and expenses incurred in constructing sewers and making other
improvements in townships and villages," and the supplement there-
to of 1880. The only evidence as to these facts is found in the
exemplified copy of the record of the proceedings in which the as-
sessment was set aside, and this evidence not only fails to estab-
lish the facts so found, but conclusively disproves all, except the
fact that the assessment was set aside on the ground that the act
authorizing it was unconstitutional and void. No mention is made
of the other matters found as facts by the court below. The facts
so found were material to the issue made by the pleadings, the
plaintiff having alleged that the grantor did "agree with this plain-
tiff that if at any time thereafter the said assessment should be re-
stored, or said property  *   *   *  be reassessed for such improve-
ment, and if the plaintiff was compelled to pay the same, he, the
said George Bliss, would repay the amount so paid by the plaintiff."
The defendants denied the same. Another finding of the court
upon the subject is still more objectionable. It is stated and found
as a fact that these defendants' testator, at the time of his demand
for the return of the money deposited by him with the plaintiff,
"did then and there agree with the plaintiff that if at any time
thereafter the said assessment should be restored, or said property
conveyed by him would be reassessed for said improvement, and if
the plaintiff was compelled to pay the same; he, the said George
Bliss, would repay the amount so paid by the plaintiff." This was
also averred in the complaint and denied in the answer. This find-
ing is vital to the plaintiff's right to recover, and, if unsupported
by the evidence, the judgment must be reversed. The only evi-
dence of the agreement between the parties is a written contract,
from which it appears that the defendants made no such agree-
ment. The agreement provides "that in case at any future time
an appeal should be taken from said adjudication of the supreme
court of New Jersey, and that on said appeal the adjudication shall
be reversed, and the said assessment shall be finally adjudged to
be a lien upon said property, so that said Barth shall become lia-
ble to pay the same to relieve the property from such lien, then
and in such case the said Bliss shall, on demand, pay to said Barth
the amount he is so compelled to pay." This is a very different
agreement, in legal effect, from that found by the court, and its
effect is obvious; for under the agreement found, an undoubted
liability would be imposed upon the defendants, while under that
proved their liability depends upon whether or not the facts show
a breach of the agreement actually made and proved. The trial
court, in accordance with its finding as to the agreement, further
found and decided that the assessment of $1,526.25 afterwards levied
upon the property and paid by the plaintiff was a reassessment for
the identical work and improvement for which the first assessment
had been made and levied thereon. It is thus seen that a recovery
was had upon the theory that the money paid by the plaintiff was

for a restoration or reassessment of the original tax, and this conclusion is based upon the authority of Cadmus v. Fagin, 47 N. J. Law, 549, 4 Atl. 323. With this result we cannot agree. It appears that the assessment which was considered by the court in that case was set aside for some reason which does not clearly appear, but it is made manifest that the decision is not based upon the invalidity of the law under which the assessment was made, nor is the validity of the law questioned; for the court, by the same order by which the assessment was vacated and set aside, appointed commissioners to reassess the tax for the improvement. The reassessment was made and confirmed, and it was held that such assessment related back to the date of the confirmation of the original assessment. It therefore appears that the facts in the case at bar do not bring it within the authority of that case. Here not only the original assessment, but all the proceedings leading up to it, were set aside, made void, and adjudged to be "for nothing holden." No continuance of such proceedings was possible, because the court held that "the act of the legislature under and by virtue of which said proceedings were instituted, the work done, and said assessments made is unconstitutional and void." No lien was ever created by the proceeding. It was null ab initio, and it follows that there was no breach of the grantor's covenant against incumbrances. Nor was there shown any breach of the contract made by the grantor with the plaintiff. There is no proof of an agreement on his part to pay any new assessment that might be made. He contended that the apparent lien of the original assessment was no incumbrance, because of the unconstitutionality of the law under which the proceeding was taken. The court sustained this view, and adjudged the assessment void, thus removing the cloud on the title. The grantor intended to protect the title against the original assessment and the reversal of that adjudication if appealed from, and he agreed that, if the original assessment was "finally adjudged to be a lien upon the property," he would pay the same. No such thing was ever done. No appeal was taken from the decree. The assessment which the plaintiff paid was a new assessment, made and levied under a new proceeding commenced de novo under another statute, the lien of which only attaches from the date of its confirmation, long after the date of the conveyance. No liability is created by the covenant nor by the agreement proved.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.