# Tuskegee Land & Security Co. v. Birmingham Realty Co.

## *Breach of Covenant.*

(Decided April 8, 1909. Rehearing denied May 11, 1909. 49 South. 278.)

1. *Deeds; Construction; Land Conveyed.*—Where a deed to land which formed a parellelogram lying between certain streets, avenues and alleys, described the land as bounded on the north by the southern boundaries of the avenues, on the east by the western boundary of a street on the south by the northern margin of an alley, the deed did not convey any part of the street, avenue or alley, its very recitals rebutting the presumption that the fee to the center of the street and avenue were conveyed subject to the public easement of a right of way.

2. *Same; Covenants.*—The covenant of seizin and of good right to convey in a deed which does not convey any part of the streets or avenues lying contiguous to the land is not broken by a release previously executed to a railway company wherein said company is released from liability for damages to the lands caused by the operation of a railroad in the adjacent street or avenue.

[Tuskegee Land & Security Co. v. Birmingham Realty Co.]

3. *Same; Warranty.*—Where the deed conveys no part of a street or avenue but contained covenants of warranty and against encumbrances, such covenant is breached by a release previously executed by the grantor to a railroad company releasing it from damage .to the land from the operation of a railroad in the adjacent street, such release constituting an encumbrance which may be defined to be any right to or interest in the land which may subsist in a third person to the diminution of the value of the estate of the grantee, but consistent with the passing of a fee.

4. *Same.*—Encumbrances within the law of covenants and warranty, do not depend for existence on the extent or amount of the diminution 'in value of the estate but extends to cases in which by reason of the burden claim or right the owner does not acquire complete dominion over the land, which the grant apparently gives.

5. *Same.*—A covenant against encumbrances when expressed in a deed as a separate and independent covenant is one in praesenti, and is broken when made, if at all, by the existence of an encumbrance without regard to future or ultimate disturbances or damages, and does not run with the land; but a covenant against encumbrance when coupled with the covenant of quiet enjoyment is a covenant in futuro, and runs with the land until broken.

6. *Same; Damages.*—The grantee in a deed conveying land adjacent to a street and containing a covenant against encumbrances may recover nominal damages for an encumbrance created by the grantor in releasing a railroad company from liability for damages to the land caused by the construction and operation of a railroad in the street adjacent to the land, notwithstanding no actual damages were shown because of the fact that the railroad is an advantage to the property because of its use.

7. *Eminent Domain; Construction of Railroad; Recovery of Damages.*—Damages caused by the additional servitude imposed on the land by the construction and operation of a railroad in the street belongs to the owner of the land at the time of the construction of the railway and he only can sue for such damages.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by the Tuskegee Land & Security Company against the Birmingham Realty Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complainant, as amended, is as follows:

Count 1: "The plaintiff, a corporation, claims of defendant, a corporation, $3,000 damages for the breach of the covenant in the agreed conveyance executed by defendant to plaintiff on the 1st day of December, 1903, by which deed, which is duly recorded, defendant for

a valuable consideration conveyed to plaintiff certain real estate in the city of Birmingham, Jefferson county, Ala., described as follows: (Here follows the description, the material part of which is set out in the opinion.) And plaintiff says that said lot or parcel so conveyed by said deed abutted or fronted on Avenue A, which was a public street in the city of Birmingham, Ala., which had been mapped and laid off over 30 years before the date of said deed, and lots sold with reference to said street, and the use of the said street dedicated to the public, and that the conveyance of said tract included the right to the unobstructed passage of said street for safe and commodious passage over and across said street or avenue, and of egress from and access to said lot over and along said street, which was a right appurtenant to said lot so conveyed by the deed. And plaintiff says that the deed so executed by the defendant to plaintiff contained, among other things, the following covenants: 'And the Birmingham Realty Company, for the consideration aforesaid, hereby covenants and agrees that it is seised of an indefeasible estate in fee simple in and to the premises aforesaid, that it has a good right to sell and convey the same, that the same are free from all incumbrances, except the mortgage deed of trust to the Union Trust Company in New York, and that it will warrant the title hereby conveyed against all persons whomsoever lawfully claiming the same.' And plaintiff says that the covenants in said deed were broken by defendant, and there are breaches thereof in this: That defendant was not, at the time of the execution and delivery of said deed, seised of an indefeasible estate in fee simple in and to the premises above described in this: that at and before the execution of and delivery by defendant to plaintiff of said deed the defendant did, on, to wit, June 10,

1902, execute and deliver to the Birmingham & Atlanta Air Line Railway, its successors and assigns, a written conveyance of the right to lay tracks and forever operate trains thereon along Avenue A or First Avenue South, on which avenue the premises conveyed to plaintiff by defendant abut; and said railway, or its successor, the Atlanta & Birmingham Air Line Railway, has taken possession of part of said Avenue A in front of said lot and laid two railroad tracks thereon, over which it operates cars by means of steam locomotives, one of which tracks is between the center of said avenue and plaintiff's said lot conveyed by said deed. And plaintiff says that by reason of the construction of said railway, and the operation of cars and trains thereon, plaintiff is denied either reasonable or safe access to its said premises, and the release and consent executed by defendant for laying the said railroad track and the operation of cars on the track was and is an incumbrance on the title of plaintiff, by reason of which it suffered and suffers the damages aforesaid."

Count 2: Same as 1, down to and including the words "breaches thereof, in this," and adds: "And plaintiff says that the defendant did not, at the time of the execution of said deed, have a right to sell and convey said lots, inasmuch as said lots so conveyed by defendant to plaintiff abut about 100 feet on Avenue A, which is a public street in the said city of Birmingham, and the right to the unimpeded use of said street in front of said lots was a right appurtenant to said lots; but plaintiff says that on the 10th day of June, 1902, and before the execution and delivery of said deed of conveyance by defendant to plaintiff, the defendant for a valuable consideration executed and delivered to the Birmingham & Atlanta Air Line Railway a permit, license, or consent in writing for said railway, its suc-

cessors and assigns, to use said avenue for railroad purposes; that is, the defendant consented that the said railroad company, its successors and assigns, might use said Avenue A for railroad purposes; that is, the defendant consented that the said railroad and its successors might construct, maintain, use, and operate tracks of railroads along and over said avenue opposite to and in front of said lot conveyed to plaintiff by the deed aforesaid, and released the said railroad company, its successors and assigns, from any and all damages of any character whatsoever to all lots abutting said Avenue A, including the lot conveyed to plaintiff, and that said railroad company or its successors built on Avenue A two railway tracks on which it operates by means of steam locomotives, cars and trains, one track being between the center of said avenue and said lot, thereby depreciating the value of said lot and depreciating the rental value thereof, and rendering access to said lots less safe, commodious, and easy, and by breach of said covenant plaintiff has been damaged as aforesaid," etc.

Count 3: Same as 1, down to and including the words "breaches thereof, in this," and adds: "And plaintiff says there is a breach of the covenant in said deed in this: In that the said lands conveyed by the said deed were not free from incumbrance, except the mortgage deed of trust to the Union Trust Company in New York, in this: That the defendant, before the execution and delivery of the deed of conveyance of said lot to plaintiff, had for a valuable consideration consented in writing, on, to wit, June 10, 1902, that the Birmingham & Atlanta Air Line Railway Company, its successors and assigns, might construct, maintain, use, and operate tracks of railroads along and over Avenue A, and did release said railroad company, its successors and assigns, from any and all damages of any char-

acter whatsoever to the lots described in said deeds to plaintiff abutting on said Avenue A or contiguous thereto, which defendant might suffer from the construction, maintenance, use, and operation of said tracks over, along, and across said Avenue A. And said railway, or its successors, have taken possession of part of said avenue in front of said lots, and laid two tracks of railroad thereon, over which it operates cars by means of steam locomotives, one of which tracks is between the center of said avenue and the lots conveyed by said deed to plaintiff. And said railway constructed said track and so operated trains thereon under and by virtue of an ordinance of the mayor and aldermen of Birmingham, and that said railway, under its charter, had authority to construct, maintain, and operate said tracks and cars as aforesaid. And plaintiff says that the premises described in the deed of defendant to plaintiff abuts on said Avenue A, and the right of ingress to and egress from and approach to said premises over said Avenue A, which was and is a public street of said city of Birmingham, and used by the public for over 30 years, was appurtenant to said real estate so conveyed, and, defendant having already conveyed the rights above described to said railway company and its successors, such conveyance was an incumbrance on said property, whereby plaintiff was and is damaged as aforesaid."

Count 4: Same as count 1, down to and including the words "breaches thereof, in this," and adds: "In and by an ordinance adopted on the 30th day of April, 1902, the mayor and aldermen of Birmingham, then and there having the power under and by virtue of its charter then existing, then and there being a municipal corporation, by an ordinance duly adopted, the said mayor and aldermen in meeting duly assembled empowered and authorized the said Birmingham & Atlanta Air

Line Railway Company, its successors and assigns, to build and construct along Avenue A, in said city, from Thirty-First street, on the eastside of Birmingham, Ala., to Thirteenth street, on the west side of Birmingham, Ala., a double-track railroad along the center of said Avenue A, in said city, with all necessary turnouts and side tracks, and that pursuant thereto said defendant executed and delivered to the said railway company in writing a right, license, power, and release of damages because of constructing and operating said railroad along said Avenue A, in said city of Birmingham; and plaintiff says that, pursuant to said ordinance of the mayor and aldermen of Birmingham and contract of license executed by the defendant to the said railroad company on the 10th day of June, 1902, the said railway company constructed its double-track railway, to the damage of plaintiff alleged in breach D, as set forth in this count, as follows: D. And plaintiff said that there is a breach of the covenant of warranty in the said deed, for that, before the execution and delivery of said deed to plaintiff, said defendant on the 10th day of June, 1902, had for a valuable consideration executed and delivered a consent to the Birmingham & Atlanta Air Line Railway Company, its successors and assigns, the right to lay a railroad track along said Avenue A, in front of the lots described in said deed, and to operate cars and trains thereon, and release said railway from all damages to said lot by reason of laying said track and operating said railway, whereby the covenant of warranty in said deed has been broken, and said railway or its successors have placed on said avenue two railroad tracks, one of which is between said lots and the center of said avenue, and operates on said track locomotives and cars, rendering the passage of said avenue unsafe and incommodious. Thereby the value of the lot is diminished,

and the rental value of the same depreciated, to the damages of plaintiff," etc.

Count 5: Same as count 1, down to and including the words "breaches thereof, in this," and adds: "And plaintiff says that there is a breach of the covenant of said deed, in that the said lands conveyed by said deed were not free from incumbrance, except the mortgage deed of trust of the Union Trust Company of New York, in this: That the defendant, before the execution and delivery of the deed of conveyance of said lot to plaintiff, had for a valuable consideration consented in writing on the 10th day of June, 1902, that the Birmingham & Atlanta Air Line Railway, its successors and assigns, might construct, maintain, use, and operate tracks of railroad along and over Avenue A, and did release said railway company, its successors and assigns, from any and all damages of any character whatsoever to the lots. described in said deed to plaintiff abutting on said Avenue A, or contiguous thereto, which defendant might suffer from the construction, maintenance, use, and operation of said track along, over, and across said avenue. And plaintiff says that the premises described in the deed of defendant to plaintiff abut on said avenue, and the right of ingress and egress to and from, and the approach to, said premises over said Avenue A, which was and is a public street of the city of Birmingham, Ala., was appurtenant to said real estate so conveyed; and plaintiff avers that in pursuance of said agreement above set forth the defendant did on the ——— day of ———, by deed convey to the said railway company, and its successors or assigns, the said right of way over and across said property as set forth in said agreement above stated, and that the said railroad company, or its assigns or successors, by virtue of its charter, and by an ordiance of the city of Birmingham adopted on the

30th day of April, 1902, have placed on said avenue two railroad tracks, one of which is between said lots and the center of said avenue, and operate on said tracks locomotives and cars, rendering the passage of said avenue unsafe and incommodious, whereby the value of said lots are diminished, to the damage of the plaintiff as aforesaid."

Demurrers were interposed to count 1: "(1) Because it is not shown that plaintiff was not seised of an indefeasible estate in fee simple in and to the premises described. (2) The deed to the railway company did not operate to divest the indefeasible estate in fee simple in said premises. (3) That, although the operation of cars and trains on the avenue may render the access to said lots less easy and safe, it did not operate to divest the free-simple estate. (4) It is not shown that the defendant undertook to convey to plaintiff title to any part of the avenue, but it is shown that he did not undertake to convey the avenue. (5) No eviction is shown." To count 2, all the demurrers filed to count 1, with the additional ground that the contract or permit set up did not constitute a breach of the covenant set forth in said count, and that the fact that the railroad company built two railroad tracks on said avenue, and operated trains thereover, and that the value of said lots and rental value of same had been depreciated, and that the access thereto is rendered less safe, commodious, and easy, constitutes no breach of the covenants set forth. Similar demurrers were filed to the other counts.

W. C. WARD, and O. S. LEWIS, for appellant.—The abutting owner has in the street easements of access, light and air, which are property rights, as inviolable as the property in the lots themselves.—Sec. 235, Const. 1901; *Enterprise L. Co. v. Porter & Newton,* 46 South.

773; *Railroad Co. v. Witherow,* 82 Ala. 190; *Sheffield Co. v. Moore,* 83 Ala. 294; *N. & O. R. R. Co. v. Karcher,* 112 Ala. 676; 12 Am. St. Rep.; 2 Dillon Mun. Corp. sec. 712. Want of authority to take real estate must be raised by a plea and not by demurrer.—*A. G. L. Co. v. C. A. Co.,* 54 Ala. 73; 90 Ala. 211; 95 Ala. 437; 101 Ala. 132; 120 Ala. 140; 132 Ala. 251. When an abutting owner has agreed to the occupation of a street by a railroad he cannot question its rights to maintain its tracks therein nor can his grantee.—*McCreary v. Remson,* 19 Ala. 430; *Poole v. Harrison,* 18 Ala. 514; 27 A. & E. Ency of Law, 188. Count 1 is on covenant against encumbrance.—*Prestwood v. McGowan,* 148 Ala. 267. The court erred in sustaining the demurrer to the 1st count. An easement of right of way is an encumbrance and a breach of the covenant set forth.—*Copeland v. McAdory,* 100 Ala. 553; *Moore v. Johnson,* 108 Ala. 326; 11 Cyc. 1116; 8 A. & E. Ency., 133; 33 Am. Dec. 497; 72 Ia. 738. When a railroad occupies a right of way by its track, cars and trains and operates them over its tracks, it constitutes exclusive possession and is an eviction of others.—*T. & C. R. R. Co. v. E. A. R. R. Co.,* 75 Ala. 516; 17 Ill. 185; *Electric Co. v. Mobile,* 109 Ala. 192; 112 Ala. 132; 125 Ala. 196; 11 Cyc. 128. The owner of the land at the time of the construction of the railway is the only one who can sue for damages for the added servitude on the street.—*Evans v. S. W. R. R. Co.,* 90 Ala. 54.

LONDON & FITTS, for appellee.—The conveyance to the railroad by the appellee of any rights in the avenues was a nullity. The avenue had been dedicated to the public and the landowner had no further control of it.—*Chambers v. Talladega R. E. & L. Assn.,* 126 Ala. 296; Sec. 3899, et. seq., Code 1896; *City of Demopolis v. Webb,* 87 Ala. 659; 85 N. W. 800; 27 A. & E. Ency of Law, 188; 44 N. W. 900; 33 N. W. 666. It follows that such release

did not constitute an encumbrance or any other breach· of any of the covenants contained in the deed, and the court properly sustained the demurrers to the complaint.

MAYFIELD, J.—The appellee, on the 1st day of December, 1903, sold and conveyed to appellant three certain lots in the city of Birmingham, Ala. The deed contains covenants as to seisin, good right to convey, and against incumbrances, except a certain mortgage deed named, and contains a warrant of title against the claims of all persons, etc. The three lots were described as a whole, and not separately, and as described formed a parallelogram, the corresponding sides of which were, respectively, 100 feet and 140 feet. The northern boundary of the lots was described as the southern boundary of Avenue A, the eastern boundary as the western boundary line of Seventeenth street of such city, the southern boundary as the northern margin line of a "20-foot alley," and the western boundary described as a straight line 140 feet long, and parallel with the eastern boundary and Seventeenth street. It will be observed that this property abuts Avenue A on the north, Seventeenth street on the east, and an alley on the south, but extends no farther than the southern margin of Avenue A, the western margin of Seventeenth street,. nor the northern margin of the alley—thus rebutting· what might otherwise be a presumption that the deed passed the fee, subject to the public easement of right of way, to the center of the avenue, street, and alley, which were named as three of the boundaries of the property. While the avenue, street, and alley constitute three of the four boundaries, there is no presumption in this case, because of these recitals, that it was contemplated or intended to pass title to any part of the soil of such thoroughfares.

It also appears that on the 10th day of June, 1902, 6 months and 9 days prior to the conveyance by appellee to appellant, above referred to, the appellee for a valuable consideration executed and delivered a contract to the Birmingham & Atlanta Air Line Ry., its successors and assigns, giving it the right to lay railway tracks along Avenue A, in front of the lots described in appellee's deed to appellant, and to operate cars and trains thereon, and released the railway from all damages to said lots, by reason of the laying of said tracks and operation of said railway. On the 30th day of April, 1902, 7 months and 1 day before appellee conveyed to appellant, and 1 year, 1 month, and 11 days before appellee conveyed or attempted to convey to the railway company the right to build its tracks on Avenue A and released it from damages, on that acount, for injury to the property in question, the city authorized the railway company to build, construct, and operate a steam and commercial railroad along said Avenue A, in front of this property; and it is alleged that the said railway did, on the 10th day of June, 1902, take possession of said avenue, in front of said property, and construct a double-track railroad along said avenue in front of the property in question, one of which tracks is between the center of said avenue and plaintiff's property. The width of this avenue does not appear. The appellant, grantee, sues upon the covenants and warranties of appellee's deed to him.

The complaint as last amended contains five counts. The first is as for breach of covenant of seisin. The second is for breach of right to convey, in that a part of the property was in Avenue A, a public thoroughfare of the city of Birmingham. The third, fourth, and fifth counts as for breach of covenant against incumbrances. The defendant demurred to each count, separately, as

originally filed and as subsequently amended. The court sustained the demurrer in each instance. The plaintiff then declined to plead further, and suffered a final judgment, from which he appeals, assigning as error the various rulings of the court in sustaining defendant's demurrer.

The trial court was clearly correct in sustaining the demurrers to counts 1 and 2, which relied on breach of covenants of seisin and good right to convey, in that the counts do not show either a breach as to seisin or as to good right to convey; but they affirmatively show that there was no attempt to convey any part of the avenues, and in no wise show or attempt to show the property conveyed was not owned in fee by appellee, nor that it had not a good right to grant the whole of the land conveyed or attempted to be conveyed. But we are constrained to hold that counts 3, 4, and 5, which sought to recover as for breach of covenants and warranties against insumbrances, are each good, and were not subject to appellee's demurrer. The amendments go only to the extent, and not to the right, of recovery. While, as stated above, there was no attempt by the appellee to convey to appellant any part of the avenues, and herein any prior conveyance by appellee to the railroad company of any part of the avenues would be no breach of the covenants of seisin, fee, or right to convey, yet it is alleged that a part of the conveyance of appellee to the railroad company was a release of the company from any damages to this property, subsequently conveyed to appellant, by reason of the construction or operation of their railroad along the avenue in front of appellant's property. While this was not a conveyance of any part of appellant's property, nor a conveyance or grant of any right of way over or across any part thereof, it was, however, an incumbrance thereon, which might, and

which is alleged did, damage plaintiff and render his property less valuable than it would have been without such incumbrance.

It is claimed by counsel for appellee that the alleged grant, conveyance, covenant, or permit, as it is variously alleged that the appellee made or extended to the railroad company, was void, and therefore it could not be a breach of the covenants. True, this grant by appellee could not alone authorize the railroad company to construct or operate its road along a public thoroughfare of a municipal corporation—such corporation, or the Legislature, alone, could do that—yet it is proper, and within the power of property owners along a public highway, street, or avenue, to convey to a railroad company the right to construct and operate its roads along or over such highways, and for a consideration to release such railroad company, its successors, or assigns, from all damages or liabilities, as to the property abutting such highways, by so constructing or operating such roads; and such contracts would certainly be valid, so far as they relate to damages or injury to such abutting property by reason of constructing or operating the road on a public highway, no matter whether the title to the fee in the highway be in the abutting owners, in the city, or even in the railroad company itself, or in a stranger. This, of course, might be limited to those damages not the result of the negligence of the railroad company; but as to this it is unnecessary now to decide. If this grant or contract which the appellee is alleged to have made to or with the railroad company to build and operate its railroad along Avenue A in front of the property in question, and which, for a valuable consideration, released the railroad company for damages to the property on that account, constituted an "incumbrance" upon the property subsequently conveyed

to appellant with covenants against incumbrances, then there was a breach, which was sufficiently alleged to constitute a cause of action. If this was not an incumbrance, then, of course, there was no breach or cause of action alleged.

We are of the opinion that, under the definitions and authorities, this constituted an incumbrance within the covenant of the deed. An "incumbrance" is defined as "any right to or interest in land, which may subsist in third persons to the diminution of the value of the .estate of the tenanat, but consistently with the passing of the fee."—*Prescott v. Trueman,* 4 Mass. 627, 629, 3 Am. Dec. 246 (citing 2 Greenl. Ev. 242). This definition has been accepted and adopted by nearly all the courts, and all text-writers, since it was announced. See cases collected in Words & Phrases, vol. 4, pp. 3519, 3520. It will be noticed that one of the elements of this definition is that the right or interest which constitutes the incumbrance shall be consistent with the passage of the fee. Mr. Rawle, in his valuable and comprehensive work on Covenants of Title, says that the word "incumbrance" has no technical meaning; that it is not one of the "terms of the law," and hence no definition of it will be found in the old books; that it has been defined within the last century.—See 5th Ed. § 75. It is also said to be a weight on the land which must lessen its value, and is also stated to be "any right existing in another to use the land, or whereby the use by the owner is restricted."—*Forster v. Scott,* 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543. Again, it is said to be "any claim which charges, burdens, obstructs, or impairs the use of the land, or prevents its transfer."— *Annonymous,* 2 Abb. N. C. (N. Y.) 56, 62.

An incumbrance, within the meaning of the law relating to covenants and warranties, does not depend for

existence upon the extent or amount of the diminution in value, but extends to cases in which, by reason of the burden, claim, or right, the owner does not acquire complete dominion over the land which the grant apparently gives.—*Mackey v. Harmon,* 34 Minn. 168, 24 N. W. 702; *Demars v. Kochler,* 62 N. J. Law, 203, 41 Atl. 720, 72 Am. St. Rep. 642.   An easement in or over the land, or any part conveyed, is undoubtedly an incumbrance.   The right of a third party to use water from a brook running through the land, and easements as to light and air, have been held to be within the term.   The filing of a map by the department of parks, under a statute which provided that, on the final opening of a street, no compensation should be allowed for any building erected thereon after the filing of the map, was held to be an incumbrance.—*Forster v. Scott,* 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543.   The right of a city to open a street without paying damages for buildings erected in the bed thereof after the street was laid and platted was held to be an incumbrance.—*Evans v. Taylor,* 177 Pa. 286, 35 Atl. 635, 69 L. R. A. 790.   Water or gas rents past due, which are a charge upon the property, are incumbrances.—*In re Wood's Estate,* 41 Leg. Int. (Pa.) 225; In re Gerry (S. C.) 112 Fed. 958.   An incumbrance is held to exist upon property which is subject to easements for widening a street or for building a sewer.—*Blackie v. Hudson,* 117 Mass. 181; *Cadmus v. Fagan,* 47 N. J. Law, 549, 4 Atl. 323; *Barth v. Ward,* 63 App. Div. 193, 71 N. Y. Supp. 340.   Warvelle on Vendors (2d Ed.) 971 et seq.   These same definitions and doctrines are announced, and these and many other cases cited, by the text-writers on the subject.—See Suth. on Dam. (3d Ed.) vol. 3, §§ 620-630; Rawle on Cov. for Title (5th Ed.) c. 5, §§ 70-90.

A covenant against incumbrance, usually expressed in American conveyances as a separate and independent covenant, is a covenant in praesenti, broken, if at all, when made, by the existence of the incumbrance, without regard to future or ultimate disturbance or damage, and does not run with the land; but, if coupled to the covenant for quiet enjoyment, as is usually the case in England, it is then a covenant in futuro, and runs with the land until a breach.—Rawle, Cov. for Title, § 70. In the case at bar it is in praesenti.

It is conceded by the learned counsel for appellee, in his able brief in this case, that "the owner of lots abutting on a street or avenue in a city has an easement in such street or avenue, nor is it denied that the construction of any railroad, other than a street railroad, in such street or avenue in front of the lots of the abutting owner is an additional servitude, for which the owner of the lots is entitled to compensation; and it is further conceded that the existence of a public highway over land sold to another is a breach of a covenant against incumbrance, and gives a cause of action to the grantee, although he may have had knowledge of the highway." But it is contended by counsel that when a street, such as the one in question, becomes dedicated and accepted by the city, only an easement remains in the property owner or his vendee, and that thereafter conveyance by the abutting owner of any rights or title to the street, inconsistent with the rights of the public, is absolutely null and void, and is, therefore, not the subject of an incumbrance. In this we cannot agree with counsel to the full extent of his argument. It may be void as against the city, or as to a third party who owns the fee to the street. It might not, alone, authorize a railroad company to construct its road upon the street, though the grantor own the fee thereto; but, in connection with

the authority from the city or the Legislature, it will authorize the construction and operation of the railroad upon the street, and in that case it alone might prevent the present owner, the grantor, or his successors in interest, from recovering damages for injury to the property abutting upon the street by reason of constructing or operating the railroad. To this extent we hold that it is an incumbrance which will prevent the grantee, or his subsequent grantee, from recovering . damages against the railroad company, its grantee, or successor, for injuries or damages suffered as to the abutting property described in the incumbrance, consequent upon the construction or operation of the railroad in accordance with the grant.

It is true, as contended by counsel, that only the owner of the land at the time of the construction of the railroad in front of it can maintain a suit to recover damages for the additional servitude imposed upon the highway; but in the case at bar he (appellant here) cannot and never could maintain it, in this case, for the sole reason that his grantor, the former owner of the land, had permitted or induced the road to do the very thing of which he complains, and had thereby released or exempted it from any liability for injury to this property, by reason of constructing or operating the railroad upon this street which the property abuts. This is a charge upon this particular land described. It allowed the obstruction of ingress to and egress from this property by way of this avenue. It authorized the railroad company to envelop and cover this property with smoke, to throw upon it cinders and dust, and, by its proximity, to cause or make great noise (all matters being necessarily or usually incident to the operation of steam commercial railroads, and frequently the occasion of great inconvenience and other results disagreeable to people resid-

ing near the tracks), to build main lines and side tracks upon the avenue, to fill these tracks with cars and trains, which would impede travel by other modes, and might thereby greatly inconvenience plaintiff in the proper use of his property, and might greatly diminish the value of his property, render it less salable and desirable; for all of which he would be without remedy in damages, because of the conveyance by his grantor to the railroad company.

Of course, it may be shown on the trial that the railroad, as constructed and operated, is of no detriment; that the property is not fitted for residence property or retail business, but only for wholesale stores, coal, cotton, iron, or other warehouses, yards, etc., which would render the railroad track at that place an advantage, rather than a detriment. This, however, would go only to the amount, and not to the right, of damages. Plaintiff might be entitled to recover nominal damages only, because no actual damages were or could be shown, if there was certainly shown a breach of the covenant as alleged.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J. and SIMPSON and DENSON, JJ., concur.