## Lafayette Birkett, Appellee, v. David A. DeVares, Appellant.

1. JUDGMENT, § 680*—*when plea of res adjudicata is sufficient.* Demurrer to a plea of *res adjudicata held* properly sustained where the matters in litigation were not litigated in the former case set up in the plea.

2. COVENANTS, § 33*—*when plea in action for breach of warranty is insufficient.* In an action for breach of warranty contained in a certain deed by a former conveyance of a right of way over the premises described in the deed for the construction of a drainage ditch, demurrer to a plea setting up that the defendant had formerly agreed with the grantee of such right of way as to the amount of damages for such construction and that plaintiff knew of such agreement, *held* properly sustained for the reason that plaintiff would not be bound by any such agreement not of record.

3. EASEMENTS, § 7*—*what constitutes an easement.* A right of way over certain land for the construction of a drainage ditch, *held* to be an easement.

4. COVENANTS, § 42*—*what is measure of damages for breach of warranty where land subject to right of way for drainage ditch.* Where certain land subject to an easement of a right of way for the construction of a drainage ditch was conveyed as an entirety, *held* that the measure of damages other than nominal damages for the construction of such ditch would be determined by the effect of such easement on the land as an entirety, in an action for a breach of warranty.

5. COVENANTS, § 40*—*what damages recoverable for breach of warranty where land benefited by construction of drainage ditch.* In an action for breach of warranty contained in a certain deed by a former conveyance of an easement for right of way of a drainage ditch over the premises described in such deed, where the premises were benefited as an entirety by such easement, *held* that nominal damages only would be recoverable.

Appeal from the Circuit Court of Hamilton county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

J. H. LANE and ANDRUS & TRUTTER, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN M. ECKLEY and HARRY ANDERSON, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This appeal is prosecuted from a judgment for $397.94, rendered by the Circuit Court of Hamilton county, in favor of appellee, in an action of covenant.

The declaration consists of three counts. The first count avers that on October 3, 1912, appellant by warranty deed conveyed to appellee certain premises therein described subject only to a mortgage of $14,000, and certain taxes and drainage assessments, and a lease to one T. N. Harris. It is then averred that appellant had formerly conveyed to the Commissioners of the North Fork Special Drainage District a right of way for the ditches of said district, and that said right of way was then in the use and possession of said district.

The second count is to the effect that appellee made and entered into a certain contract with appellant whereby appellant agreed to sell and convey to appellee by warranty deed 550 acres of land, describing it, and then avers that he failed to keep and perform his contract and conveyed to appellee only 512½ acres of land.

The third count is the consolidated common counts.

To this declaration appellant filed a plea of the general issue, a plea of *res adjudicata* and a plea setting up that appellant had formerly agreed with the commissioners of said drainage district on the amount of damages for the construction of said ditch, and that appellee knew of such agreement and was therefore estopped from claiming damages. A demurrer was sustained to the second and third pleas and a trial was had by the court without a jury, resulting in a judgment as above set forth.

It is first contended by appellant that the court erred in sustaining a demurrer to the plea of *res adjudicata.*

Appellant does not assign as error on the record the ruling of the court in sustaining the demurrer to his second and third pleas, and is therefore not in a position to urge as error the ruling of the court thereon. However, we may state that an examination of the plea satisfies us that the court did not err in sustaining the demurrer to the plea of *res adjudicata,* as the matters in litigation in this case were not litigated in the proceedings set up in that plea, neither did the court err in sustaining the demurrer to the third plea for the reason that appellee would not be bound by any agreement not of record appellant may have had with said drainage commissioners.

The principal ground urged by appellant for a reversal of the judgment in this case, however, is that the court erred in refusing to hold as the law certain propositions submitted by him.

The record discloses that the court in ruling on the propositions of law submitted on the hearing held in effect that the title had failed as to the right of way (consisting of 8½ acres as stipulated by the parties on the trial) released by appellant to said drainage district, and that appellee was entitled to recover from appellant the value of said 8½ acres at $40 per acre (being the price of the land as stipulated by the parties), with interest thereon from the date of appellant's deed. The insistence of appellant is that the right of way granted to said drainage commissioners was a mere easement, and that at most it constituted an incumbrance on the title to the premises conveyed, and that in determining the amount of damages, if any (other than nominal damages), the effect of said easement on the whole premises was to be taken into consideration. In other words, appellant contends that if said lands taken as a whole were benefited as much or more than they were depreciated by virtue of said easement, then all of the damages that appellee would

be entitled to recover would be nominal damages. That theory of the case was presented by the following proposition of law submitted by appellant: "The measure of damages for a breach of warranty caused by a drainage ditch being built across lands is not the number of acres taken by the ditch, but is the damage to the land caused by the building of such ditch, and if there is no damage occasioned thereby there can not be a recovery of more than nominal damages," which proposition of law the court refused to hold.

In the case of *Wadhams v. Swan*, 109 Ill. 46, the question was raised as to the proper measure of damages in an action for breach of covenant under a warranty deed where premises were incumbered by the right of way of the Illinois Central Railroad Company, and the court at page 60 says: "Upon the record before us we assume the Appellate Court must have found, as matters of fact and of law, that the land was sold as an entirety, for a gross sum; that appellant, by means of the several conveyances heretofore mentioned, acquired, before the commencement of this suit, the legal title to the whole of the land purchased of appellee, subject to the easement of the Illinois Central Railroad Company; that while the existence of this easement was a technical breach of appellee's covenants against incumbrances, and consequently entitled appellant to nominal damages, yet its effect upon the land, considered as an entirety, enhanced rather than diminished its value, so that appellant was really benefited rather than injured by it. In all these findings we fully concur with the Appellate Court, and in so far as they are findings of fact, they are conclusive on this court, whether we were satisfied or not.

"Had appellant seen proper, under these circumstances, to have brought an original action for the technical breach of the covenants against incumbrances, he would have been entitled to nominal damages, mere-

ly, which might well have been fixed at a single cent. He elected, however, to set up this right of action as a defense to the present suit.''

The following stipulation was made in this case on the trial:

''It is stipulated and agreed that the drainage district in question across the land is a benefit to the whole tract of 550 acres, except the 8½ acres used for right-of-way, and not a detriment.'' Appellee testified on the trial as follows:

''Q.  You knew the ditch was a benefit to the land? A.  Yes sir, sure.''

''Q.  You wouldn't have that ditch off of there for considerable money, would you?  A.  No sir, I don't think I would.''

''Q.  The fact is that the ditch is a benefit to you rather than an injury?  A.  Sure it is.  I wouldn't want the land without it.''

Our holding, therefore, is that the land was conveyed as an entirety, and that the right of way released by appellant to the drainage district was an easement, and that the measure of damages (other than nominal damages) is to be determined by the effect of said easement on the land as an entirety.  The evidence of appellee and the stipulated facts being to the effect that the premises as an entirety were benefited rather than damaged by said easement, all appellee would be entitled to recover would be nominal damages.  The court therefore erred in refusing to hold the proposition of law above set forth.

Other errors were assigned, but in view of what we have already said it will not be necessary for us to consider the same in this opinion.

The judgment will be reversed and the cause will be remanded for further proceedings not inconsistent with the law as laid down in this opinion.

*Reversed and remanded.*