## KERSHNER v. WALCOTT.   (No. 2700.)

(Court of Civil Appeals of Texas. Amarillo. June 2, 1926. Rehearing Denied June 16, 1926.)

**1. Covenants ⬅⬝42(1), 104.**

Covenant against incumbrances is one of indemnity, and a suit for its breach is in essence an action for damages.

**2. Covenants ⬅⬝96(6), 127(2)—Existence of paving lien at time of conveyance of property held a technical breach of covenant against incumbrances, but covenantee could recover only nominal damages, unless actual injury was shown (Rev. St. 1925, arts. 1297, 1298).**

Where, at time property was conveyed to plaintiff under deed in usual form, which, under Rev. St. 1925, arts. 1297, 1298, contains an express covenant against incumbrances, there was a paving lien against the property, there was a technical breach of the covenant, but plaintiff could recover only nominal damages, unless actual injury was shown; damages being limited to sum plaintiff is' forced to pay to discharge incumbrance.

**3. Covenants ⬅⬝127(2) — Covenantee cannot recover substantial damages for breach of covenant against incumbrances until he has been dispossessed, or has discharged incumbrance.**

The right to recover substantial damages for breach of covenant against incumbrances does not exist until covenantee has been dispossessed, or has paid off or discharged the incumbrance.

**4. Covenants ⬅⬝127(1) — Where covenant against incumbrance was breached by existence of paving lien, vendor may offset, against covenantee's claim for damages, reasonable value added to land by improvement.**

Where, at time property was conveyed to plaintiff, it was subject to a paving lien, thus constituting a breach of covenant against incumbrances, held, that defendant's vendor is entitled to offset against plaintiff's claim for damages reasonable value added to property by reason of the improvement, made after plaintiff acquired the property.

Appeal from District Court, Lubbock County; Clyde F. Elkins, Special Judge.

Action by Mrs. Theresa T. Walcott against O. G. Kershner. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Robt. H. Bean and Bean & Klett; all of Lubbock, for appellant.

Wilson & Randal and J. L Kilpatrick, all of Lubbock, for appellee.

HALL, C. J. Mrs. Walcott filed this suit in the district court of Lubbock county, alleging, in substance, that prior thereto Kershner had conveyed to her and her husband, who was then living, a lot and brick building, situated thereon in the business district of

Lubbock; that prior to such conveyance Kershner had executed a mechanic's lien contract with the Panhandle Construction Company, for paving Thirteenth street upon which said lot abutted, and agreed to pay $1,331.86, being the agreed price of such paving; and that the city of Lubbock had fixed a lien on said property to secure the payment of said amount for paving. She alleged the execution of the contract of sale, of the deed made in pursuance thereof, containing warranty of title, and the execution by her of purchase-money notes as a part of the consideration. She further alleged that she had been compelled to pay a part of the paving debt, and because of the lien would be required to pay the remainder of it, in order to protect her property, and prayed for judgment against Kershner for the full amount due for paving, asking that it be credited on the purchase-money notes held by him.

Upon a trial before the court without a jury, she recovered judgment against Kershner in the sum of $1,283.16, with 8 per cent. interest from December 25, 1924, and all costs of suit, and it was further decreed that said notes be credited with that amount, and that, when such credit is given, it shall operate as a satisfaction of the judgment.

The principal defense urged by Kershner is that the plaintiff suffered no damages, in that she acquired the benefit of the paving to the extent of the cost thereof in the enhanced value of the property. The record discloses that the contract of sale was executed October 6, 1924, and the deed was executed October 8, 1924; that the mechanic's lien for paving the street was previously executed by Kershner on July 15, 1924. The paving was not done, however, until after the plaintiff acquired the property.

It is conceded that, at the time of the contract and conveyance, plaintiff had no knowledge of the mechanic's lien or of the proposed paving, and Kershner says he never thought of it at that time. Plaintiff does not specifically allege that she is damaged in any sum as the result of the breach of the covenant and of the paving. She shows that she has only paid the first installment of the paving debt, amounting to $214. The court overruled the defendant's general demurrer to the plaintiff's petition.

[1-3] The deed is in the usual form, and under the provisions of R. S. arts. 1297 and 1298, there is an express covenant against incumbrances which includes by necessary legal inference the paving lien asserted against the property. A covenant against incumbrances is uniformly held to be one of indemnity, and a suit for a breach of the covenant is, in its essence, an action for damages. There was, therefore, a technical breach of the covenant when the property was conveyed to plaintiff, but only nominal damages are recoverable, unless actual injury is shown, and the amount in cases of this character is limited to such reasonable sum as the covenantee has been forced to pay in order to discharge the incumbrance. The right to recover substantial damages does not exist until the covenantee has been dispossessed, or has paid off and discharged the incumbrance. Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1141; Hill v. Provine (Tex. Civ. App.) 260 S. W. 681; Clayton v. Franko-Texan Land Co., 15 Tex. Civ. App. 365, 39 S. W. 645; 2 Sutherland on Damages (4th Ed.) §§ 623, 625; 3 Sutherland, § 761; 3 Elliott on Contracts, §§ 2245, 2249; 4 Thompson on Real Property, §§ 3596, 3499; 7 R. C. L. p. 1180, § 103, and page 1184, § 107; 15 C. J. pp. 1278, 1294.

Several witnesses testified that the property had been enhanced in value as a result of the paving, and the appellant insists that the damages, if any, should be credited and set off by the amount which the improvement has enhanced the value of the property.

[4] We have found no Texas case which directly decides this question, nor any reference thereto, except in Leeson v. City of Houston (Tex. Com. App.) 243 S. W. 490, but the rule is that, if the incumbrance is a railway, irrigation ditch, or the like, the effect of which is to add to the value of the property in an amount equal to the sum which the covenantee has been forced to pay, he is entitled to recover only nominal damages. Birkett v. De Vares, 206 Ill. App. 187; Ensign v. Colt, 75 Conn. 111, 52 A. 829, 946; Tuskegee L. & S. Co. v. Birmingham Realty Co., 161 Ala. 542, 49 So. 378, 23 L. R. A. (N. S.) 992; Hoffman v. Dickson, 65 Wash. 556, 118 P. 737, 39 L. R. A. (N. S.) 67, Ann. Cas. 1913B, 869; Schwartz v. Black, 131 Tenn. 360, 174 S. W. 1146, Ann. Cas. 1916C, 1195. We are of the opinion that Kershner would be entitled to offset against the plaintiff's claim for damages the reasonable value added to the lots by reason of the improvement.

The court did not err in excluding the testimony of Frank Dysart as to the statement made by D. E. Walcott, nor was there error in excluding the testimony of H. H. Halsell as to the price he had put upon the property after the street was paved.

For the reasons stated, the judgment is reversed, and the cause remanded.