FREDERICK P. FORSTER, Respondent *v.* DAVID SCOTT, Appellant.

Whenever a law deprives the owner of the beneficial use and free enjoyment of his property, or imposes restraints upon such use and enjoyment that materially affect its value, without legal process or compensation, it deprives him of his property within the meaning of the Constitution, and although the police and other powers of government may sometimes incidentally affect property rights, these powers can only be exercised to promote the public good, and are always subject to judicial scrutiny.

The provision of the New York Consolidation Act (§ 677, chap. 410, Laws of 1882), which declares that no compensation shall be allowed to the owner of land taken for a street for any building erected or placed thereon after the filing of a map of the street as prescribed by the act (§ 672) by its terms, imposes a restriction upon the use of the land, which amounts to an incumbrance, and so is unconstitutional.

(Argued December 16, 1892; decided January 17, 1893.)

APPEAL from judgment of the General Term of the Superior Court in the city of New York, entered upon an order made January 15, 1892, which directed a judgment in favor of

plaintiff, upon a case submitted, under the Code of Civil Prodedure (§ 1279).

The questions involved and the facts, so far as material, are stated in the opinion.

*Rollin H. Lynde* for appellant. The filing of the maps covering the lot in question, pursuant to Laws of 1886, chapter 681; Laws of 1882, chapter 419, sections 672, 677 and 958, and amendments thereto, gave to the city of New York such rights and interests, and created such a restriction upon the property, that respondent was unable, after the filing of said maps, to convey said lot by "a full covenant and warranty deed, in fee simple, free from any lien or incumbrance." (*In re Wall St.*, 17 Barb. 617; *Munn* v. *Illinois*, 94 U. S. 141; *Seaman* v. *Hicks*, 8 Paige, 655; 2 Greenl. on Ev. § 242; *Wetmore* v. *Bruce*, 118 N. Y. 319; *Raynor* v. *Lyon*, 46 Hun, 227; *R. H. & L. R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 128.) The right of the city of New York to open streets in accordance with maps to be filed, without compensation to property owners for improvements made after the filing of said maps, has existed unquestioned since 1813, and the provisions of sections 677 and 958 are not unconstitutional. (Laws of 1813, chap. 86, § 178; Laws of 1882, chap. 410, § 977; *Webb* v. *Mayor, etc.*, 64 How. Pr. 10.) Courts should sustain the constitutionality of an act if this can be done. (*People* v. *Suprs.*, 17 N. Y. 241; *Bertholf* v. *Reilly*, 74 id. 509–514.)

*Henry A. Foster* for respondent. Section 677 of the Consolidation Act is unconstitutional because it deprives the plaintiff of the right to build on his lot, which is the only purpose for which it is adapted and from which it derives its chief value, and by thus depriving the plaintiff of the beneficial use of his property, deprives him of his property without due process of law. (*In re Furman St.*, 17 Wend. 658–660; *In re Wall St.*, 17 Barb. 639, 641, 642; *Seaman* v. *Hicks*, 8 Paige, 660; *Gilman* v. *Tucker*, 128 N. Y. 190, 204; *People* v.

*Albertson,* 55 id. 50, 55 ; *H. Ins. Co.* v. *New York,* 134 U. S. 598 ; *Taylor* v. *Comrs.,* 23 Ohio St. 22 ; Cooley on Const. Lim. [6th ed.] 207, note ; *Henderson* v. *Wickham,* 92 U. S. 259 ; *Morgan* v. *Louisianna,* 118 id. 455 ; *Minnesota* v. *Barber,* 136 id. 313 ; *Brimmer* v. *Rebman,* 138 id. 78 ; *Munn* v. *Illinois,* 94 id. 141 ; *In re Jacobs,* 98 N. Y. 98 ; *Chicago* v. *Minnesota,* 134 U. S. 418 ; *Wynehamer* v. *People,* 13 N. Y. 378 ; *Eaton* v. *B. C. & M. R. R. Co.,* 51 N. H. 511, 512 ; *Pumpelly* v. *Green Bay,* 13 Wall. 179 ; *Babcock* v. *City of Buffalo,* 1 Sheldon, 340 ; 56 N. Y. 268 ; *People* v. *Kerr,* 37 Barb. 399 ; *Glover* v. *Powell,* 10 N. J. Eq. 229 ; *Hutton* v. *Camden,* 39 N. J. L. 130 ; *Helfrich* v. *Water Co.,* 74 Md. 269, 275, 277 ; *People* v. *Haines,* 49 N. Y. 590 , *Sherman* v. *Elder,* 24 id. 384, 385 ; *People* v. *Otis,* 90 id. 48, 52 ; *People* v. *Gilson,* 109 id. 389, 400 ; *Rigney* v. *City of Chicago,* 102 Ill. 64, 77, 78 ; *Bush* v. *Kentucky,* 107 U. S. 110, 121, 122.) Section 677 of the Consolidation Act is unconstitutional because it takes the plaintiff's property for public use without compensation. (*Millett* v. *People,* 117 Ill. 295 ; *Seaman* v. *Hicks,* 8 Paige, 660 ; *Yates* v. *Milwaukee,* 10 Wall. 497 ; *Evansville* v. *Dick,* 9 Ind. 433, 436 ; *Glover* v. *Powell,* 10 N. J. Eq. 212, 229 ; *Pumpelly* v. *G. B. Co.,* 13 Wall. 166 ; *Gardner* v. *City of Newburgh,* 2 Johns. Ch. 162 ; *Abendroth* v. *N. Y. E. R. R. Co.,* 22 J. & S. 417 ; 122 N. Y. 1 ; *Babcock* v. *City of Buffalo,* 1 Sheldon, 342 ; 56 N. Y. 268 ; *P. R. R. Co.* v *Angel,* 41 N. J. Eq. 316, 329 ; *Trenton* v. *Raff,* 36 N. J. L. 343 ; Cooley on Const. Lim. [6th ed.] 670 ; *City of Grand Rapids* v. *Powers,* 89 Mich. 94 ; *Bohan* v. *P. J. G. L. Co.,* 122 N. Y. 18, 19, 29 ; *B. & P. R. R. Co.* v. *F. B. Church,* 108 U. S. 317, 332 ; *Eaton* v. *B. C. & M. R. R. Co.,* 51 N. H. 504, 511, 512 ; *Hooker* v. *N. H. N. Co.,* 14 Conn. 146, 161, 162 ; *Sinnickson* v. *Johnson,* 17 N. J L. 129, 144, 145, 153 ; *G. R. B. Co.* v. *Jarvis,* 30 Mich. 308, 321 ; *McAndrews* v. *Collerd,* 42 N. J. L. 189–191 ; *Newby* v. *Platte Co.,* 25 Mo. 258, 272 ; *Bohm* v. *Metropolitan,* 129 N. Y. 586 ; *People* v. *Mayor, etc.,* 4 id. 419, 424, 425, 435–441 ; 6 Barb. 209 ; *Genet* v. *City of Brooklyn,* 99 N. Y. 306, 307 ;

*Meriwether* v. *Garrett*, 102 U. S. 472, 501.)   The fact that
the city is prohibited from levying, collecting or assessing any
taxes on "unimproved land" covered by proposed streets does
not give the plaintiff compensation for the taking of his prop-
erty. (*Galway Case*, 128 N. Y. 149 ; *Hilton* v. *Bender*, 69
id. 76, 86 ; *Menges* v. *City of Albany*, 56 id. 374.)   Section
677 of the Consolidation Act is unconstitutional because, in
violation of the Constitution of the United States, it deprives
the plaintiff of the equal protection of the laws, in that it gives
a board of officers absolute power to prevent the plaintiff from
enjoying his property and deprives him of the right of receiv-
ing the profits therefrom, by practically prohibiting him from
using his land for the purpose of building thereon, during
their good will and pleasure, while his neighbors are allowed
to use their land as they please.   (*C. R. Co.* v. *Minnesota*,
134 U. S. 418, 458 ; *Yick Wo* v. *Hopkins*, 118 id. 356, 366–
368 ; *State* v. *Pennoyer*, 65 N. H. 113 ; *Ah Kow* v. *Nunan*,
5 Saw. 553, 559–563 ; *Pearson* v. *City of Portland*, 69
Maine, 278 ; *In re Lee Sing*, 43 Fed. Rep. 359, 361 ; Cooley
on Const. Lim. [6th ed.] 484 ; *Mayor, etc.,* v. *Radecke*, 49
Md. 217 ; *In re Kuback*, 85 Cal. 274 ; *Millet* v. *People*, 117
Ill. 295, 304, 305 ; *Godcharles* v. *Wigeman*, 113 Penn. 431,
437 ; *State* v. *Goodwill*, 33 W. Va. 179 ; *State* v. *Fire Creek*,
id. 188 ; *State* v. *Indianapolis*, 69 Ind. 375 ; *Comm.* v. *Perry*,
28 N. E. Rep. 1126 ; *Budd* v. *State*, 3 Hump. 483, 490–493 ;
*N. G. L. Co.* v. *N. G. Co.*, 25 Conn. 19 ; *Durkee* v. *Janesville*,
28 Wis. 464 ; *Mayor* v. *Thorne*, 7 Paige, 261 ; *City of
Chicago* v. *Rumpff*, 45 Ill. 90.)   Section 677 of the Consolida-
tion Act cannot be supported as an exercise of the police
power. (*Commrs.* v. *Bacon*, 13 Bush, 210 ; *Wynehamer* v.
*People*, 13 N. Y. 386 ; *In re Jacobs*, 98 id. 108–115 ; *In re
Chesbrough*, 78 id. 237, 238.)   Section 677 of the Consolida-
tion Act being unconstitutional is utterly null and void and
can create no lien or incumbrance.   (*Stewart* v. *Palmer*, 74
N. Y. 184, 188 ; *Remsen* v. *Wheeler*, 105 id. 579.)   The
plaintiff's practice was regular.   The validity of an alleged
statutory lien can properly be determined on an agreed case.

(*Spencer* v. *Merchant,* 100 N. Y. 585 ; 125 U. S. 345.)   If (as
the General Term have held) section 677 of the Consolidation
Act does not prohibit the use of the plaintiff's land for build-
ing purposes the filing of the map creates no lien or incumb-
rance.   (*Huyck* v. *Andrews,* 113 N. Y. 85, 86 ; *Wagner* v.
*Perry,* 47 Hun, 516, 518 ; *Keating* v. *Gunther,* 32 N. Y. S.
R. 1112.)

O'BRIEN, J.   The question in this case is in respect to the
plaintiff's rights under a contract made by him with the
defendant June 18, 1891, whereby he agreed to sell and the
defendant to purchase a parcel of vacant land in the city of
New York, at a price specified, subject to but without assum-
ing a mortgage thereon of $4,000.   The plaintiff on his part
agreed to convey the premises to the defendant by a full cov-
enant warranty deed, sufficient to vest the title in fee simple
free from any lien or incumbrance except the mortgage.   At
the time stipulated in the contract the plaintiff tendered to
the defendant a deed in the required form and containing the
proper covenants which the defendant declined to accept for
the reason that upon searching the title he had discovered that
there was such an incumbrance upon the land that the plain-
tiff was unable to convey a good title as required by the
contract.   The facts were agreed upon and submitted to the
General Term under the provisions of § 1279 of the Code,
where it was held that no lien or incumbrance, aside from the
mortgage, existed or attached to the land by reason of the
facts so stated, and directed judgment for the plaintiff that
the defendant accept the deed tendered and pay the purchase
price.   The facts so far as they are material to the point
involved are these :   On the 18th of October, 1890, the
department of parks of the city of New York, under the
provisions of chapter 681 of the Laws of 1886, filed a map
of a proposed street or avenue which entirely covers the
plaintiff's lot.   The map so filed complies strictly, with respect
to form and substance, with all the provisions of law on the
subject.   The proposed street has not been opened and no

proceedings have been taken to open it or to acquire the title to plaintiff's land by condemnation. Section 677 of the Consolidation Act provides as follows with reference to damages for taking lands for such streets when the same are finally opened: "No compensation shall be allowed for any building, erection or construction which at any time, subsequent to the filing of the maps, plans, or profiles mentioned in section six hundred and seventy-two of the act, may be built, erected or placed in part or in whole upon or through any street, avenue, road, public square or place exhibited upon such maps, plans or profiles." The plaintiff's vacant lot derives almost its entire value from the fact that it is possible to use it for building purposes. The facts, therefore, present two questions.

(1) Whether, assuming the statute to be valid, a lien or incumbrance was created and attached to the land in question by the filing of the map by the park department. (2) Whether the legislature had power under the Constitution to enact as it virtually did, that whenever land thus exhibited upon the map is taken for street purposes, at any time after the filing thereof, no compensation shall be made to the owner for any improvements put upon the land during the time between the filing of the map and the condemnation proceeding.

An incumbrance is said to import every right to or interest in the land, which may subsist in another, to the diminution of the value of the land, but consistent with the power to pass the fee by a conveyance. (1 Bouvier's Law Dict. p. 696 ; 2 Greenl. Ev. § 242; 3 Washburn on Real Property, 659, § 14.)

Any right existing in another to use the land or whereby the use by the owner is restricted is an incumbrance within the legal meaning of the term. (*Wetmore* v. *Bruce*, 118 N. Y. 319.)

It was conceded by the General Term that the public authorities might or might not appropriate the land according to their pleasure, notwithstanding the filing of the map, and

further that in case the owner, after the map was filed, made improvements upon it he did so at the peril of losing the enhanced value of the land resulting therefrom. These propositions seem to be correct, but we are constrained to differ with that court in the conclusion that such a situation does not impair the value of the property and amount to an incumbrance within the meaning of the contract. If the law was valid it virtually imposed a restriction upon the use of the property because it enacted that it could not be used for building purposes, except at the risk to the owner of losing the cost of the building at some time in the future. We are also constrained to differ with the General Term in regard to the validity of the statute in so far as it enacts that the owner of land exhibited upon the maps is not entitled to compensation for improvements subsequently made. This statute is of somewhat ancient origin and it was said in some of the cases that it was at first enacted at the solicitation of the landowners in order to enhance the value of their property. (*In re Furman Street*, 17 Wend. 658 ; *In re Wall Street*, 17 Barb. 639 ; *Seaman* v. *Hicks*, 8 Paige, 660.)

However that may be, in the aspect in which the question is now presented, we think it is in conflict with the provisions of the Constitution for the protection and security of private property. The constitutional guarantees against the appropriation of private property for public use, except upon just compensation, as well as that against depriving the owner of its enjoyment and possession without due process of law, have been the subject of much judicial discussion in the manifold aspects in which the questions have been presented in the numerous cases. These provisions have been so thoroughly expounded and their application, meaning and practical scope so minutely explained that it would be very difficult to suggest now any views which could be called new, and a restatement of propositions, so often before sanctioned by courts and judicial writers, is quite needless. This case is governed by a few principles so well settled and understood that they are elementary, and nothing can be added to their force or appli-

cation by illustration or extended discussion. The validity of a law is to be determined by its purpose and its reasonable and practical effect and operation, though enacted under the guise of some general power, which the legislature may lawfully exercise, but which may be and frequently is used in such a manner as to encroach, by design or otherwise, upon the positive restraints of the Constitution. What the legislature cannot do directly, it cannot do indirectly, as the Constitution guards as effectually against insidious approaches as an open and direct attack. Whenever a law deprives the owner of the beneficial use and free enjoyment of his property, or imposes restraints upon such use and enjoyment, that materially affect its value, without legal process or compensation, it deprives him of his property within the meaning of the Constitution. All that is beneficial in property arises from its use and the fruits of that use, and whatever deprives a person of them deprives him of all that is desirable or valuable in the title and possession. It is not necessary, in order to render a statute obnoxious to the restraints of the Constitution, that it must in terms or in effect authorize an actual physical taking of the property or the thing itself, so long as it affects its free use and enjoyment, or the power of disposition at the will of the owner. Though the police and other powers of government may sometimes incidentally affect property rights, according to established usages and recognized principles familiar to courts, yet even these powers are not without limitations, as they can be exercised only to promote the public good, and are always subject to judicial scrutiny. ( *Wynehamer* v *People,* 13 N. Y. 378; *People* v. *Budd,* 117 id. 1; *Gilman* v. *Tucker,* 128 id. 190; *People ex rel.* v. *Albertson,* 55 id. 50; *In re Jacobs,* 98 id. 98; *People ex rel.* v. *Otis,* 90 id. 48; *People* v. *Gillson,* 109 id. 389; *Munn* v. *Illinois,* 94 U. S. 141; *Henderson* v. *Mayor, etc.,* 92 id. 259; Id. p. 275; *Brimmer* v. *Rebman,* 138 id. 78; *Chicago, etc.,* v. *Minnesota,* 134 id. 418; *Bohan* v. *Port Jervis G. L. Co.,* 122 N. Y. 18; Cooley on Con. Lim. [6th ed.] 207, 670.)

As the plaintiff in the case at bar was virtually deprived of

the right to build upon his lot by the statute in question, and as this circumstance obviously impaired its value and interfered with his power of disposition, it was to that extent void as to him, and created no incumbrance upon it.

It follows that the judgment of the General Term was correct in its result, though we have not been able to concur in the grounds upon which it was made, and in affirming its action, we have preferred to place our reasons upon other grounds.

The judgment should be affirmed.

All concur.

Judgment affirmed.