(67 Misc. Rep. 58.)

### MORONEY v. STATE.

(Court of Claims of New York. March, 1910.)

Eminent Domain (§ 155*)—Condemnation for Canal—Effect of State's Settlement—Incumbrances.

The state's settlement through the state appraiser with the owner of private property taken for a canal includes an adjustment of all damages for the appropriation of the property; and out of the amount agreed upon, in the absence of any agreement to the contrary, must come all of the liens and incumbrances against the property, and, a lease being an incumbrance, the value of a leasehold interest in the land taken must, in the absence of fraud, misrepresentation, or misunderstanding when the agreement was made with the state appraiser, come out of the amount agreed to be paid to the owner, and the holder of such lease has no claim against the state; Canal Law (Consol. Laws, c. 5) § 88, providing that when damages are awarded for appropriation of land for a canal, and it appears that there is any incumbrance on the property, the comptroller may deposit the amount awarded in a bank to be paid to the persons entitled thereto as ordered by the Supreme Court.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 421–424; Dec. Dig. § 155.*]

Claim by Martin J. Moroney against the State for a leasehold interest in property appropriated for the Barge Canal. Claim dismissed unless the owner of the land be brought in as a party, and consent to have claimant's interest determined by the Court of Claims.

Barnum & Wells, for claimant.

RODENBECK, J. The claimant was a tenant on property appropriated by the state June 5, 1908, and produced in court a written lease dated March 31, 1906, for five years expiring March 31, 1911, leaving an unexpired term of 2 years, 9 months, and 26 days. The lease was made between Daniel E. Rairdon, owner, and Frank J. Lester and the claimant, as copartners, for carrying on a blacksmith business on the appropriated property. Before the appropriation Rairdon had sold the property to one Sheridan, and he, in turn, had con-

veyed it to E. G. Heaton, who was the owner at the time of the appropriation. After the appropriation, but before the filing of the claim, Lester had executed a bill of sale to Moroney. From the date of the lease to the date of the appropriation, but before the filing of the claim, Lester and Moroney, as copartners, or Moroney, alone, were in possession and paid a monthly rent of $6.25, this amount being paid for a period of time to E. G. Heaton, who disputes the lease and claim of Moroney. The entire property was appropriated by the state and the owner made a settlement with the state appraiser the amount of which has not been paid. The owner has not filed a claim in this court, was not made a party to the present claim, and has not consented to have any issues between himself and the claimant determined by the court.

The state's settlement with the owner includes an adjustment of all of the damages for the appropriation of the property, and out of the amount agreed upon, in the absence of any agreement to the contrary, must come all of the liens and incumbrances against the property. The lease is an incumbrance (Forster v. Scott, 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543), and, unless there was some fraud or misrepresentation or misunderstanding when the agreement was made with the state appraiser, the value of the leasehold interest must come out of the amount agreed to be paid to the owner. A situation like this is provided for in the canal law (Consol. Laws, c. 5, § 88), which says that:

"When damages are awarded for the appropriation of any lands or waters to the use of the canal and it appears that there is any lien or incumbrance on the property so appropriated, the comptroller may deposit the amount awarded in any bank in which moneys belonging to such account may be deposited to the account of such award, to be distributed to the persons entitled to the same on an application to the Supreme Court of any person."

The claim should be dismissed and the claimant remanded to his remedy against the fund created by the agreement between the owner and the state which takes the place of the property appropriated and out of which any liens and incumbrances must be paid (Matter of New York, W. S. & B. R. R. Co., 35 Hun, 633; Matter of City of New York, 120 App. Div. 700, 105 N. Y. Supp. 779), unless the owner is brought into court as a party to this proceeding, and consents to have the interests of the claimant determined by this court (Anderson v. v. Reilly, 66 N. Y. 189).

SWIFT and MURRAY, JJ., concur.