' ARTHUR B. HEADLEY, Appellant, *v.* THE CITY OF ROCHESTER, Respondent.

Fourth Department, May 6, 1936.

*Robert T. Headley,* for the appellant.

*Harold P. Burke, Corporation Counsel [Charles B. Forsyth* of counsel], for the respondent.

CROSBY, J. Plaintiff brings this action to obtain a declaratory judgment declaring that a certain ordinance enacted by defendant is unconstitutional and void and ineffective to create any restrictions or limitations upon plaintiff's use of his property. The ordinance in question was adopted pursuant to chapter 690 of the Laws of 1926, being article 3 of the General City Law. The facts in this case have all been stipulated. The defendant city has prepared a map showing a comprehensive plan for widening various streets. Plaintiff owns property at the corner of East avenue and Goodman street in the city of Rochester, which is affected on two sides by the proposed widening. The proposed changes in street widths, as shown by the map, will take a strip twenty-five feet wide off one side of plaintiff's property, and, off the other side, a strip ten feet wide at one end and fifteen feet wide at the other.

No question is raised as to the regularity of the proceedings by which the ordinance was passed and the map prepared and filed. The question, briefly and simply stated, is this: May the city tie up the use of plaintiff's property by a threatened future taking for street use without compensating him?

The claim of the city is that it is doing no more than it has power to do under its zoning ordinances, that is, regulating the use of property, under the police power, in the interest of public health, safety and general welfare. The power of municipalities to pass and enforce zoning ordinances is now well settled. (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288.)

That power must, of course, be exercised reasonably. (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221.)

The power of eminent domain is also well settled and well understood. In this case the city is attempting, in effect, to exercise the right to take private property for a public use, and to escape paying for it by denominating the proceeding an exercise of the zoning power.

Let us see just what was actually done. The ordinance complained of reads in part as follows: " The Official Map * * * of the City of Rochester * * * is hereby * * * changed * * * so as * * * to widen existing highways as shown upon the map [which map] is hereby declared to be a part of this ordinance and is hereby established as the Official Map * * * of the City of Rochester," etc.

Up to this point the city has taken some of plaintiff's property for street purposes, or at least has taken the initial steps in that direction. The city frankly admits that, if it ever widens the streets and actually appropriates plaintiff's land for the widened streets then it must pay for it, but claims that, until that time

arrives, it can make plaintiff pay taxes on the land and hold it indefinitely subject to the city's call. Meanwhile plaintiff may not improve his land which the city has included within its proposed widened streets, except under the conditions imposed by section 35 of the General City Law, which reads in part as follows: " For the purpose of preserving the integrity of such official map or plan no permit shall hereafter be issued for any building in the bed of any street or highway shown or laid out on such map or plan, provided, however, that if the land within such mapped street or highway is not yielding a fair return on its value to the owner, the [zoning] board * * * shall have power * * * to grant a permit for a building in such street or highway which will as little as practicable increase the cost of opening such street or highway * * * and such board may impose reasonable requirements as a condition of granting such permit, which requirements shall inure to the benefit of the city." .

This section further provides that "Any such decision [of the zoning board] shall be subject to review by certiorari," etc.

The scheme is rather ingenious. It enables the city to take plaintiff's property from him, or at least deprive him of the use of it, which is the same thing, by saying to him, in effect: "You could not build upon your land anyway, without a permit from the zoning board, so we are not taking your property, we are only saying to you that you cannot have a permit to use it at all, except upon my terms." The terms may be onerous. It is noticed that a permit to build on the land will only be considered, " provided * * * the land * * * is not yielding a fair return on its value." It is also noticed that, even then, the zoning board " shall have power " only to mitigate the harm that is done to plaintiff in depriving him of the use of his land during the indefinite time it takes the city to determine whether or not it wants the land. The board is not compelled to act. And if it does act then its duty, according to the statute, is to see to it that there be granted " a permit for a building * * * which will as little as practicable increase the cost of opening such street."

There is a vast difference between exercising the zoning power for the purpose of furthering the public's health and safety, and exercising that power for the purpose of enabling the city to acquire private property for public use as cheaply as possible.

Questions not unlike this have been passed upon by the Court of Appeals. The case of *Forster* v. *Scott* (136 N. Y. 577) arose under a statute which gave to the park authorities of the city of New York authority to make and file a map showing a contemplated taking of property for public use, and further provided as follows:

" No compensation shall be allowed for any buildings * * * which at any time subsequent to the filing of the maps * * * may be built * * * [in] any street * * * exhibited upon such maps," etc.

The court held that this statute was void as to the owner of property affected by a map filed pursuant to its provisions.

There is no difference, in principle, between that case and the instant case. In our case the method of depriving plaintiff of his property without paying for it is a little more subtle and devious, but the same result is reached. Here the defendant tells the plaintiff he may perhaps be permitted to build on his property, but only after the defendant's zoning power has been exercised in such a way that the city will be saved expense in acquiring the property, if the time should ever come when it wants the property. Meanwhile plaintiff waits and pays taxes on property he is forbidden to use.

The case of *Matter of City of New York* (196 N. Y. 255), cited by respondent, is not at all in conflict with the *Forster* case. In fact it cites the *Forster* case with approval. The case is one in which about the only thing decided is that a property owner who moves a building around from parcel to parcel in order to enhance his award in condemnation proceedings shall gain nothing by his chicanery. (See, also, *Matter of City of New York* [*Ave. D*], 200 N. Y. 536.)

No attempt is here made to find fault with the zoning ordinances *per se* of the city of Rochester. The only proposition intended to be here asserted is that the statute and the ordinance and the map here involved are ineffectual to tie up the parts of plaintiff's property lying within the proposed widened streets. If the city wants the property for street purposes condemnation proceedings are open to it. Until such proceedings are instituted the plaintiff may use his property as he wills, subject only to the reasonable determination of the zoning board, acting under proper zoning ordinances.

The judgment should be reversed, with costs, and a judgment granted in favor of plaintiff, declaring that the ordinance, map and plan herein involved are void and ineffectual to create any limitations or restrictions upon the use or conveyance of plaintiff's property.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law, with costs, and judgment directed in favor of the plaintiff in accordance with the opinion, with costs.