In the Matter of the Application of NANCY RATCLIFF CAPERTON, Petitioner, for a Peremptory Order of Mandamus against the VILLAGE OF LAWRENCE, of the County of Nassau, and Others. Respondents.

Supreme Court, Nassau County, July 16, 1936.

*Henry A. Uterhart*, for the petitioner.

*Conklin & Bentley*, for the respondents.

HOOLEY, J. The petitioner is a taxpayer of the village of Lawrence and is the life tenant with full power of sale of certain property therein approximately 400 by 516 feet in size. In July, 1935, the village of Lawrence adopted a resolution, ordinance and map providing for the addition of a new street running south from Central avenue through the property and adding a new street running east and west through the property. The proposed street running south from Central avenue cuts through the dwelling house. The petitioner claims that she is prevented from improving her lands and that the value thereof is depreciated and that the action of the village authorities was unconstitutional in that it was contrary to the provisions of the Constitutions both of the United States and the State of New York, which provide that no person shall be deprived of his property without due process of

law, in that petitioner is deprived of the use of the property for the purpose of erecting buildings thereon and in using the same for all lawful purposes because of the restrictions set forth in the said certain resolution, ordinance and map adopted by the village authorities.

The village of Lawrence asserts that the board of trustees thereof, pursuant to the authority given it by article 12-a of the General Municipal Law, created a planning commission by resolution duly adopted on October 16, 1925, and thereafter on or about October 23, 1925, the board of trustees of the village of Lawrence duly enacted an ordinance which provided, in substance, among other things, that thereafter all owners or their agents should, before laying out any street and before filing any map of such development, submit the same to the village planning commission which might approve or disapprove the same, and said ordinance further provided that no plan or plot or description of any street upon private property should be received for record by the clerk of the county of Nassau until a copy thereof had been approved by the planning commission.

It appears that after the creation of the planning commission the board of trustees on March 12, 1928, adopted and established an official map.

Early in 1935 the planning commission of the village of Lawrence caused to be prepared a proposed street layout through the property of petitioner and the property of Peninsula Improvement Corporation. A public hearing was had on such street layout after public notice as required by law. The planning commission thereafter approved such street layout and such layout thereupon became, according to respondents' contention, a part of the official map of the village of Lawrence.

The application is one for a peremptory order of mandamus directing the trustees of the village of Lawrence to revoke and abolish the said certain resolution and ordinance which effected an addition to the official map of the village of Lawrence as aforesaid. The parcel of land in question is developed with a residence or manor house and is used by petitioner as her home. The village of Lawrence is a small village in the county of Nassau. The dwelling house is apparently a rather fine home on a large parcel of land. The petitioner claims that respondents seek to compel petitioner to commercially develop the property, which she has steadfastly refused to do, and by the adoption of the street layout, which passed through her residence, she is prevented from building on the premises as she may desire and as she might lawfully have done prior to the adoption of the street layout. The petitioner maintains

that the village has taken no steps for the condemnation of any of her land for street purposes and has no intentions of so doing, yet she is restricted, by their action, in the use of the property to a scheme on the part of the village authorities of which she does not approve and which the village may never put into effect by the condemnation of the land for street purposes.

In *Forster* v. *Scott* (136 N. Y. 577) the court said in part: " The validity of a law is to be determined by its purpose and its reasonable and practical effect and operation, though enacted under the guise of some general power, which the Legislature may lawfully exercise, but which may be and is frequently used in such a manner as to encroach, by design or otherwise, upon the positive restraints of the Constitution. What the Legislature cannot do directly, it cannot do indirectly   *   *   *.   Wherever a law deprives the owner of the beneficial use and free enjoyment of his property, or imposes restraints upon such use and enjoyment, that materially affect its value, without legal process or compensation, it deprives him of his property within the meaning of the Constitution."

The court has clearly in mind the broad powers given to village authorities by the Village Law and the General Municipal Law. In this particular case the planning commission is operating under the General Municipal Law and not the Village Law. The constitutionality of these statutes has never been squarely passed upon by any court. The decision of the Court of Appeals in *Village of Lynbrook* v. *Cadoo* (252 N. Y. 308) did not pass upon the constitutionality of the statute.

The petitioner's property is in the market for sale. The action of the village authorities imposes restrictions on the property preventing what was theretofore a lawful use. This proceeding is to be distinguished from the ordinary zoning case where street lines are fixed, but the restrictions go to the use of the property by zones and the portion of the lot to be occupied by the buildings thereon.

Keeping in mind that this is an ancestral home in a country village in suburban territory, the continuance of the existing use of the property does not in any way interfere with the light, air, health, safety, or general welfare of the community where the property is located. The restrictions on its use resulting from the action of the village authorities are unreasonable, unnecessary and oppressive. If the village of Lawrence wants streets through this property, it has the right to proceed to condemn the same under the provisions of the Village Law. But it is most unfair to permit it to make this property unsalable by imposing restrictions upon it without compensating the owner for such loss. There is a limit

to what governmental authorities may do in the restriction of the use of private property. That limit is reached here. This is especially true when the restrictions are sought to be applied in a small village as distinguished from a large city where the problems of air, light, health, safety and general welfare are so different from the conditions in small suburban villages.

This case is not unlike the case of *Headley* v. *City of Rochester* (247 App. Div. 562), where the city of Rochester caused a map to be filed, the effect of which filing, as in the case at bar, would have prevented the plaintiff owner of the property from building within the street lines although the city of Rochester might never condemn such property. There a declaratory judgment was granted declaring the ordinance, map and plan void and ineffectual to create any limitations or restrictions upon the use or conveyance of plaintiff's property. In the case at bar, as in the case last cited, the municipal authorities tell the owner that she may not build within the street lines laid down on the official map, and the owner goes on paying taxes on property she is not permitted to use and which the village may never condemn. This the village may not do.

The difficulty in affording the petitioner relief herein comes from the nature of the proceeding. Mandamus may be invoked to compel a public official to perform a ministerial act involving no discretion. The performance of a ministerial act is not sought in this proceeding. The petitioner's remedy is in another form. It may be that an action for a declaratory judgment, or a direct action against the public officials to compel them to revoke and abolish the resolution, ordinance and/or addition to said official map in the form as was used in the *Cadoo* case, is the proper remedy. This is for the petitioner's counsel to determine. Application denied, without prejudice and without costs.