ROER CONSTRUCTION CORP., Plaintiff, *v.* CITY OF NEW ROCHELLE, Defendant.

Supreme Court, Special Term, Westchester County, December 23, 1954.

*Morris Golub* for plaintiff.

*Murray C. Fuerst, Corporation Counsel (John A. Bodmer* of counsel), for defendant.

BRENNAN, J. In this action for a declaratory judgment, the plaintiff seeks an adjudication declaring that the official map of the City of New Rochelle, as amended on May 17, 1954, and the resolution adopted by the common council of that city on May 17, 1954 (pursuant to General City Law, art. 3), whereby said official map was amended, are unconstitutional and void, insofar as plaintiff's property is affected. The plaintiff now moves for summary judgment in accordance with the 1953 amendment to rule 113 of the Rules of Civil Practice.

In many respects, the facts are not disputed. It appears that in February of 1953, the plaintiff entered into an agreement to purchase the subject premises which consist of a parcel

of 3.7427 acres of land located on the easterly side of Guion Place and running from the southerly side of Rochelle Place to the northerly side of Sickles Avenue, in the city of New Rochelle, N. Y. The closing of title was set about ten months ahead and was thereafter adjourned in order that certain temporary housing structures erected on the premises together with the tenants occupying the same could be removed therefrom and the property cleared for the purpose of the construction of an apartment building thereon by the plaintiff. In February of 1954, the plaintiff presented to and filed with the planning board of the City of New Rochelle, a site plan in connection with the construction of said apartment building which said plaintiff desired and intended to erect on the subject premises, for under the pertinent ordinances of that city, approval of such a site plan was required before a building permit could be applied for or issued. In addition, the plaintiff had its architect prepare building plans for said proposed apartment building and it also made application for and took certain other steps necessary in connection with an F.H.A. mortgage in order to finance the construction of the aforesaid improvement. In January of 1954, various summary proceedings were instituted and completed in the City Court of New Rochelle for the purpose of dispossessing certain tenants in the temporary structures which were to be removed in order to clear the subject property. The defendant city was a party to and participated in these summary proceedings and it thereby had knowledge of the necessity for the removal of said structures under and pursuant to the terms of the above contract of purchase. In March of 1954, the plaintiff acquired title to the subject premises pursuant to the aforesaid contract. For some months, its application for approval of its site plan was not acted upon by the planning board. In May, of this year, an order was granted by the Supreme Court in and for this county directing said board to take action on said application and on May 13th, the board approved said site plan. Four days later, the common council adopted a resolution amending the official map of the City of New Rochelle so as to include the plaintiff's *entire premises,* within the confines of a portion of a proposed "Memorial Highway" in that city. Under section 35 of the General City Law, no permit could then be issued for any building to be erected on the plaintiff's property unless such permit be granted by the zoning board of appeals. The plaintiff then made application to the zoning board of appeals for the desired building permit but on July 21, 1954, the same was

denied. The plaintiff's property has, therefore, remained unimproved and it receives no income therefrom. It may also be noted that upon the argument of this motion, the defendant's counsel conceded that no date had been set for further progress in connection with the acquisition of plaintiff's lands for, or the construction thereon of, the afore-mentioned proposed highway.

In its answer in this action, the defendant city denies only: (1) that it has any knowledge or information sufficient to form a belief that the plaintiff purchased the subject premises for the sole and express purpose of erecting thereon an apartment building which would conform with the city's zoning ordinance; and (2) that the above resolution of May 17, 1954, and the resultant amendment of the city's official map are unconstitutional and void, insofar as the plaintiff's premises are affected. With respect to the said first item denied in the defendant's answer, no facts are contained in the answering affidavit (submitted in opposition to the instant motion) in support of such denial; on the contrary, the plaintiff's moving affidavits and exhibits attached thereto clearly establish that the plaintiff did purchase the subject property for the specific purpose and with the intention of erecting thereon an apartment building in accordance with the zoning regulations. As to the second above item denied in the defendant's answer, the same constitutes an issue of law. And it has been held that where no material and triable issue of fact is presented but there is only involved a question of law, a motion for summary judgment may properly be considered and determined. (*Coutts* v. *Kraft & Bros. Co.*, 119 Misc. 260, affd. 206 App. Div. 625; *Di Menna & Sons* v. *City of New York*, 301 N. Y. 118.)

A consideration of the provisions of article 3 of the General City Law and particularly section 35 of said law lead to the conclusion that said statutes are regulatory in character and were intended for a public purpose and to advance the general welfare. But it is equally clear that where pursuant to authority granted by the Legislature, a municipality so restricts the use of property that it cannot be used for any reasonable purpose, then the act of the municipality goes beyond the bounds of permissive regulation and must be recognized as a taking of the property. (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222.)

Thus approach is made to the problem here presented which may be stated, as follows: *may the defendant city, without compensating the plaintiff, tie up, for an indefinite period of time,*

*the use of all of the plaintiff's property by a threatened future taking for highway purposes?*

The leading case on the subject at hand is *Headley* v. *City of Rochester* (272 N. Y. 197). In that case, the official map of the City of Rochester imposed a setback line across the plaintiff's property and thereby prevented him from building upon a strip twenty-five feet wide computed from his front line. Our Court of Appeals held that in the absence of certain important factors, the plaintiff had not been damaged, with the result that he was not an aggrieved party and therefore lacked status to raise the question of constitutionality. However, it is of paramount importance to note that in the case at bar, there are present the three crucial factors which were absent in the *Headley* case. In the case at bar, the plaintiff has clearly established: (1) that its *entire property* of approximately three and three-fourths acres has been included in the city's official map and has thereby been subjected to the provisions of section 35 of the General City Law; (2) that it purchased the subject premises with the expressed desire and for the distinct purpose of erecting thereon an apartment building, which it still plans to build on said property; and (3) that it has applied to the zoning board of appeals for a building permit so as to proceed with the erection of said structure but that such application has been denied.

In the light of all of the conceded facts and the uncontroverted facts presented in the pleadings and affidavits herein, this court holds that where, as here, the city has, without the payment of any compensation therefor, deprived the plaintiff of the use and enjoyment of *all* of its lands for a period of indefinite duration, the resolution and official map affecting such deprivation constitute an unconstitutional interference with vested rights of property and are, therefore, void. (*Forster* v. *Scott,* 136 N. Y. 577; *Matter of Wall St.,* 17 Barb. 617, 636.)

It may also be observed that in its answering affidavit and in its brief the city submits two additional contentions in opposition to the instant motion. There the city asserts: (1) that the above-mentioned resolution and amended official map, dated May 17, 1954, were adopted and established in good faith and for the public purpose or design of solving the traffic problem which now and in the future does and will exist in that city; and (2) that when the plaintiff purchased the subject premises, it had actual or constructive notice of certain proposed plans then in the office of the planning board (of the City of New Rochelle) which indicated the city's intention at some future

time to amend the city's official map so as to include all of said premises; accordingly, the defendant claims that the plaintiff's present complaint is a self-created hardship for which there is no basis for relief.

In this court's opinion, the answer to the first of these last-mentioned contentions is found in the well-settled rule that while the need for additional highways in solving the city's traffic problem, may be acute, the plaintiff's property may not be taken without compensation nor may it similarly be deprived of the use and enjoyment thereof for an indefinite period, in the guise of regulation, even for a public purpose. (Cf. *Arverne Bay Constr. Co.* v. *Thatcher, supra*; and *Pennsylvania Coal Co.* v. *Mahon,* 260 U. S. 393, 415, 416.)

With respect to the second of said last-mentioned contentions, the plaintiff maintains that at no time prior to its purchase of the subject lands did it have actual notice of such plans in the office of the planning board and further, that it was not charged with constructive notice of these plans. It may seriously be doubted whether the plaintiff or its predecessor in title would have been affected by or been in a position to complain about any design to include the subject premises within the city's official map prior to the time that the resolution and city map were actually adopted and amended so as to include this property. (Cf. *Platt* v. *City of New York,* 276 App. Div. 873.) But even if it be assumed that prior to its purchase of the aforesaid property, the plaintiff knew of the contemplated change in the official map, that fact would not bar the plaintiff from the relief it now seeks, for it has been held that such knowledge of an owner cannot validate an otherwise invalid ordinance or resolution and the owner is not, by such knowledge, precluded from challenging said ordinance or resolution on the ground that the same is unconstitutional. (*Vernon Park Realty Co.* v. *City of Mount Vernon,* 122 N. Y. S. 2d 78, affd. 282 App. Div. 890, affd. 307 N. Y. 493.)

Accordingly, the motion is granted. Settle order and judgment on notice.