Beeitel, J.
 

 This appeal involves the constitutional invalidity of an amendment to a zoning ordinance of the Village of South ■ Nyack. The offending amendment barred the new construction of multiple dwellings throughout the village. The reason for adopting the amendment was concededly to alleviate the burden on the village’s sewage disposal plant, and not because of any requirement of or change in the comprehensive plan for the development of the village.
 

 After a trial without a jury, the Supreme Court, in an opinion, the Appellate Division affirming, held the amendment invalid because it was not related to a proper zoning purpose and because it effectively deprived plaintiff of any reasonable use of its property. At the same time it was observed that the village was not barred from taking appropriate action to prevent indiscriminate construction of apartment houses or from making appropriate provision for adequate sewage facilities.
 

 Because the amendment was not properly related to zoning purposes, and because it restricted plaintiff’s property to a use for which it is not adaptable, there should be an affirmance. On the other hand, the village would not be prevented from taking appropriate steps under its other and general police powers to control the hazards arising from temporary or permanent shortcomings of existing provisions for the disposal of sewage.
 

 In August, 1963 plaintiff purchased a portion of its land in the village for $7,500; the remainder was purchased in April, 1965 for $54,000. The property was originally zoned for highrise apartments. In September, 1964 the. area was rezoned to permit only garden apartments. In August, 1965 the zoning ordinance was again amended to prohibit future apartment house construction in the entire village. The Planning Board resolution recommending the latest amendment was based on inquiries made of sanitation experts concerning the effects on the village’s sewage system of a 68-unit garden apartment development, for which plaintiff had submitted plans.
 

 Plaintiff’s witnesses testified on the trial that its property would be worth about $125,000 if used for apartment construction, and $10,000 to $15,000 if used for one and two-family resi
 
 *427
 
 dences. The witnesses for the village estimated the value of plaintiff’s property, if used for one and two-family residences, at $42,500.
 

 There is a distinction between the proper use of the power to carry out the purposes of the enabling statutes (e.g., Village Law, §§ 175, 177), and the improper use of the zoning power to effect the general police powers of a municipality (1 Rathkopf, Law of Zoning and Planning [1967 cum. supp.], p. 2-9).
 

 The village concededly rezoned plaintiff’s land from a multiple residence to a single-family district to prevent an increase in the amount of effluent discharged into its sewer system, pending the construction of improved sewer facilities. The sanitation problem that would be created by the construction of a 68-unit garden apartment development was not due to the inadequacy of the sewer lines and pumping station to handle an increased flow. On the contrary, only 75% of the hydraulic capacity of the system was being utilized, and any additional effluent generated by habitation of the garden apartments could be absorbed easily. Rather, the problem was the hazard of increased pollution of the Hudson River, after inadequate treatment of the sewage effluent. A pollution problem due the village’s inadequate sewage treatment facilities had existed for years prior to plaintiff’s application for a construction
 
 per-J
 
 mit and prior to amendment of the zoning ordinance. Indeed, for some time the village had been the subject of criticism and efforts by the State and county agencies concerned with pollution to correct the conditions for which it was' responsible and which were adding pollutants to the Hudson River.
 

 A municipality has, of course, the power to take appropriate steps to deal with sanitation problems, including those created by inadequate biological treatment of sewage. The instant sanitation problem is, however, general to the community and not caused by the nature of plaintiff’s land (see
 
 De Sena
 
 v.
 
 Gulde,
 
 24 A D 2d 165,171). It is, therefore, impermissible to single out this plaintiff to bear a heavy financial burden because of a general condition in the community
 
 (De Sena
 
 v.
 
 Gulde, supra; Opgal, Inc.
 
 v.
 
 Burns,
 
 20 Misc 2d 803, 806-809, affd. 10 A D 2d 977, affd. 9 N Y 2d 659, mot. to amend remittitur den. 9 N Y 2d 717).
 

 
 *428
 
 The village relies upon criticisms of other government agencies concerned with pollution to justify its action. Notably, however, the Rockland County Health Department, although stating its reluctance ' ‘ to put its blessing on adding additional amounts of sewage to an already poorly functioning system ”, stated that such approval might be obtained if there were a definite program of improvement for the sewer system and the new sewer connections were conditioned on the provision of financial contributions towards rebuilding the sewage disposal plant.
 

 The amendment was also improper because it was not adopted in furtherance of a comprehensive plan
 
 (Udell
 
 v.
 
 Haas,
 
 21 N Y 2d 463, 471, 475-476). The village did not revise its comprehensive zoning plan in order to avoid constructing new or additional sewage facilities adequate to service the increased population which would result from the construction of garden apartments. The restriction was, confessedly, a temporary expedient, apparently intended to be lifted at a later time when an improved sewer facility was completed. Thus, it was stated that the amendment
 
 “
 
 [did] not reflect any final judgment on the part of the present members of the [Planning] Board on the desirability of including apartment zoning provisions for appropriate areas of the village.”
 

 Finally, the amendment, which is not limited to any period of time, effectively prevents plaintiff from using its land for any purpose to which it is reasonably adapted. This is demonstrated by the marked discrepancy between the value of the property, if limited as to use by the amendment, and its value for the use to which it is adapted and which was permitted under the ordinance before it was amended. Such a destruction of value constitutes a taking of property in violation of the zoning power and only permissible through the exercise of the power of eminent domain
 
 (Arverne Bay Constr. Co.
 
 v.
 
 Thatcher,
 
 278 N. Y. 222, 232;
 
 Dowsey
 
 v.
 
 Village of Kensington,
 
 257 N. Y. 221, 230-231).
 

 This is not to say that the village may not, pursuant to its other and general police powers, impose other restrictions or conditions on the granting of a building permit to plaintiff, such" as á general assessment for reconstruction of the sewage system, granting of building permits for the planned garden apartment complex in stages, or perhaps even a moratorium on the issuance of any building permits, reasonably limited as
 
 *429
 
 to time. But, whatever the right of a municipality to impose “ ‘ a * * * temporary restraint of beneficial enjoyment * * * where the interference is necessary to promote the ultimate good either of the municipality as a whole or of the immediate neighborhood ’ ”, such restraint must be kept “ Svithin the limits of necessity ’ ” and may not prevent permanently the reasonable use of private property for the only purposes to which it is practically adapted
 
 (Arverne Bay Constr. Co.
 
 v.
 
 Thatcher, supra,
 
 pp. 229-232;
 
 People ex rel. St. Albans-Springfield Corp.
 
 v.
 
 Connell,
 
 257 N. Y. 73, 83).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Jasen concur.
 

 Order affirmed.