Vito J. Titone, J.
In an action for declaratory judgment and for related relief, plaintiff corporation, owner of a parcel of land, a part of which lies in the bed of a mapped street, moves for summary judgment declaring null and void (1) a decision of the defendant borough superintendent of buildings denying it a building permit; and (2) a resolution of the codefendant Board of Standards and Appeals confirming the decision of the borough superintendent. In the alternative, plaintiff seeks a judgment declaring that the part of the subject parcel lying in the bed of the mapped street has been appropriated and acquired by the defendant City of New York for public use as a street, that the defendant city institute condemnation proceedings for the purpose of taking title to the parcel and paying plaintiff its just compensation for the taking. Defendants cross-move for summary judgment dismissing the complaint.
The subject parcel, tax block 4746, lots 45 and 46, is located at the northeast corner of Emmet Avenue and Delwit Avenue, in Staten Island. It is irregular in shape and consists of unimproved land, with a front of approximately 82 feet on Emmet Avenue, and a depth of approximately 180 feet.
In January, 1971, the City of New York acquired title to property of plaintiff adjoining the parcel in question for use in connection with the expansion of the Oakwood Beach Water Pollution Control Plant (Oakwood Treatment Plant). To provide for such expansion, and for the establishment of a peripheral street system around the plant, the Board of Estimate of the City of New York, by resolution dated May 20, 1971, adopted a map (No. 3792) establishing a change of lines and grades in the area. Amongst other items, a new street was laid out on the map named Delwit Avenue, with a proposed width of 100 feet, running from Emmet Avenue to Mill Road. The lines of the new street run diagonally through a substantial portion of the subject parcel owned by plaintiff.
In February, 1974, plaintiff submitted to the Department of *1056 Buildings plans to construct a one-family dwelling 25 feet wide by 42 feet deep on lot 46. Lot 46 is approximately 52 feet wide and fronts on Emmet Avenue. The site plan submitted by plaintiff indicates that the proposed dwelling would be located toward the rear of the parcel on lot 46, approximately 130 feet from Emmet Avenue; and also approximately 30 feet from the rear boundary line. About 80% of the proposed dwelling would lie in the bed of Delwit Avenue, the newly mapped street.
On February 13, 1974, the borough superintendent denied the plaintiff’s application for a building permit, on the ground that the erection of a structure in the bed of a mapped street was contrary to section 35 of the General City Law. In substance, section 35 of said law provides, amongst other things, that while no permit may generally be issued for the construction of a building in the bed of a mapped street, the owner of an affected parcel may seek such a permit from a board of appeals by showing that the parcel is not yielding a fair return of its value, and that the granting of a permit for a building in such street will not greatly increase the cost of opening such street, or tend to cause a great change of such official map or plan.
On July 9, 1974, after public hearings, defendant Board of Standards and Appeals denied the plaintiff’s appeal from the borough superintendent’s decision rejecting the application for a building permit. The board found (1) that the proposed building could be placed on the subject lot closer towards Emmet Avenue, completely away from the mapped street, (2) that the plaintiff failed to show that the property could not be put to a reasonable use without a variance of the restrictions set forth under section 35 of the General City Law, (3) that there was no practical difficulty or unnecessary hardship in locating the building on a site other than in the bed of a mapped street, and (4) that the proposed building shown on the site plan was apparently placed purposely to the rear of the lot, in the bed of the unimproved mapped street, Delwit Avenue.
In its motion for summary judgment, plaintiff argues that the application of section 35 of the General City Law by the borough superintendent of buildings, and the resolution of the Board of Standards and Appeals is an unconstitutional taking of its property. Based on the facts set forth in the record, the court disagrees with such contention.
*1057 It is true, as plaintiff asserts, that in certain instances, the mapping of land may constitute an encroachment on the owner’s constitutional right to enjoy the use of such land or receive just compensation for the restriction placed on such use (see Forster v Scott, 136 NY 577; Roer Constr. Corp. v City of New Rochelle, 207 Misc 46). In the Roer case, cited by plaintiff, the entire property of the aggrieved party which had been purchased for the purpose of erecting an apartment building thereon, was included in the city’s official map for construction of a proposed highway. As a result of such mapping, the municipality and zoning appeals board denied plaintiff a building permit. The court (Brennan, J.) held, under such facts, that since the City of New Rochelle had, without the payment of any compensation, deprived the plaintiff of the use and enjoyment of all of its lands for a period of indefinite duration, the resolution affecting such deprivation constituted an unconstitutional interference with vested rights of property.
In the instant case, there is no claim by the plaintiff that the construction and expansion of the Oakwood Treatment Plant for the elimination of water pollution, for which the proposed widening was established affecting plaintiff’s land, has not been undertaken. Indeed, the contrary is indicated in that plaintiff’s adjoining land has been condemned and taken by the city for the project. Since the subject street has been widened in connection with the proposed peripheral street system around the plant, the court does not believe the restriction placed on plaintiff’s land in the form of the mapped street widening, constitutes, within the thrust of the Roer case, a deprivation of the enjoyment of the subject parcel for an "indefinite duration”. A temporary restraint of beneficial enjoyment of a parcel of land by the municipality to promote the ultimate good of the municipality as a whole or of an immediate neighborhood, is a valid exercise of the police power (Westwood Forest Estates v Village of South Nyack, 23 NY2d 424, 428-429).
The court also notes that the record negates plaintiff’s contention that the application of section 35 of the General City Law, and the denial of a variance by the appeals board, deprives plaintiff of the use of its property. According to the defendants, and not seriously controverted by plaintiff, the proposed building could be removed from the rear of the lot which is in the bed of the widened street, Delwit Avenue, and *1058 placed on the forward portion of the lot nearer to Emmet Avenue, which contains a sanitary sewer. Since the plaintiff may thus use the parcel for a reasonable purpose, the restriction placed on the parcel with respect to the proposed street widening does not amount to an unconstitutional taking (Rochester Business Inst. v City of Rochester, 25 AD2d 97; cf. Headley v City of Rochester, 272 NY 197).
Although the court at this time does not believe that the facts adduced spell out an illegal deprivation of plaintiff’s right to use and enjoy the subject parcel, it realizes that any prolonged and continued procrastination and unreasonable delay on the part of the municipality to obtain title by condemnation to the portion of plaintiff’s land in the bed of the mapped street, might well ripen into an unconscionable and unconstitutional "taking” of plaintiff’s property. Too many instances have come to this court’s mind where a municipality has, in effect, placed a cloud on title in drawing lines to widen a street with no idea in mind when such proposed action would be implemented. In this county alone, there are numerous proposed widenings affecting properties which have existed over two or three generations.
Thus, in light of the city’s past practices, this court can envision that at some future time there may not only be a judicial direction that the subject parcel be condemned, but also that consequential damages be awarded because of what might be termed an unconscionable freeze placed on such parcel. To put it another way, with regard to damages in such situations, this court believes that in determining fair market value of property being condemned, consideration should be given not only to diminution of the value of property between the effective date of legislative authority for acquisition of the property and date of actual taking, but also to diminution of value proximately caused by initial announcement or acts of a condemnor (such as street mapping) which are related to the ultimate condemnation of the property (see Mayor & City Council of Baltimore v United Five & Ten Cent Stores, 250 Md 361; Skaff v Sioux City, 168 NW2d 789 [Iowa]; [for a germane discussion of the problems of a landowner on whose property a governmental freeze has been placed see 1967 Utah L Rev 548 et seq.]).
However, the court does not believe at this time that the street mapping in dispute is an unconstitutional taking of plaintiffs property. Accordingly, plaintiff’s motion for sum *1059 mary judgment is denied and the complaint seeking a declaratory judgment and related relief is dismissed. The cross motion of the defendant for summary judgment dismissing the complaint is granted. No costs are awarded. The court also declares that the application of section 35 of the General City Law by the building superintendent and resolution of the Board of Standards and Appeals denying a variance were valid and constitutional exercises of discretion.