Memorandum. Judgment appealed from and the order of the Appellate Division modified to strike the remand for determination of damages, and otherwise affirmed, with costs to plaintiff.
The applicable principle has been well stated by Mr. Justice Arthur D. Brennan in Roer Constr. Corp. v City of New Rochelle (207 Misc 46, 51): "[W]here, as here, the city has, without the payment of any compensation therefor, deprived the plaintiff of the use and enjoyment of all of its lands for a period of indefinite duration, the resolution and official map affecting such deprivation constitute an unconstitutional interference with vested rights of property and are, therefore, void.” (Emphasis in original.)
At the time this action was brought, as in the Roer case, the bulk of plaintiff’s property was included in the city’s official street map, and plaintiff was therefore prohibited from obtaining a building permit (General City Law, § 35). It is true that, unlike the situation in the Roer case, plaintiff here never sought a building permit. On the facts of this case, the distinction is of little moment. Plaintiff, an aged widow, had no interest in any new construction on her property, and hence no reason to seek a building permit. Her desire was to sell the premises, including her home, or at least to make badly needed repairs. But the mapping restrictions made the property virtually unsaleable, and made banks unwilling to provide financing for repairs. The result is no less a depriva *1081 tion of the use and enjoyment of plaintiffs property than if she had sought and been denied a building permit. The official map, then, deprives plaintiff of use of her property without due process of law, and, as it affects plaintiffs property, is therefore void (Forster v Scott, 136 NY 577, 582-585; Roer Constr. Corp. v City of New Rochelle, 207 Misc 46, 50-51, supra; see Matter of Caperton v Village of Lawrence, 161 Misc 23, 25-26; cf. Headley v City of Rochester, 272 NY 197, 206; Rochester Business Inst. v City of Rochester, 25 AD2d 97, 101-102).
Since there has been no actual "taking” of plaintiffs property, however, there are no compensable damages. Plaintiffs relief is limited to the declaration of invalidity (see Matter of Charles v Diamond, 41 NY2d 318, 329-332; French Investing Co. v City of New York, 39 NY2d 587, 594-595, app dsmd 429 US 990; cf. Keystone Assoc. v State of New York, 39 AD2d 176, 178, affd on opn below 33 NY2d 848).