OPINION OF THE COURT
Frank R. Bayger, J.
The petitioner herein is a duly organized religious corporation which seeks to compel the Buffalo Common Council’s authorization of a use permit for its proposed conversion of commercial property located at 1054-56 Broadway into an independent, nonaffiliated Christian church. The premises are presently occupied and used by the petitioner for religious purposes under a month-to-month lease executed on the petitioner’s behalf by the congregation’s pastor individually. Petitioner’s most recent application for a use permit was denied by the city’s Department of Inspections and Licenses pursuant to a January 23,1981 common council resolution which created a new “special review zoning district” within the city’s Broadway-Fillmore neighborhood and imposed a one-year moratorium on the issuance of building permits for new construction or use permits for new and different property uses within the designated business district. The resolution was enacted in furtherance of the city’s extensive Broadway-Fillmore *711 neighborhood rehabilitation project which is being carried out under Federal, State and local auspices and specifically relates to that neighborhood’s long-established business district. It provided, however, that the respondent council may waive the moratorium and authorize the issuance of such permits upon application by any applicant. In this case, petitioner’s application was denied by the council on the grounds that the subject property’s proposed conversion to a religious use was incompatible with the designated area’s ongoing commercial rehabilitation. Petitioner contends that as thus applied to a proposed religious use, the resolution is constitutionally invalid and that the requested permit must be issued as a matter of law. I disagree.
. Religious uses of property are presumed to be in furtherance of public morals and the general welfare. They therefore enjoy a somewhat preferred and constitutionally protected status which severely limits the permissible reach of zoning restrictions and other regulations enacted pursuant to municipal police powers (Matter of Westchester Reform Temple v Brown, 22 NY2d 488). That is not to say, however, that a religious use is totally immune from municipal proscription. So long as the regulation or restriction sought to be imposed bears a substantial and direct relationship to the public health, safety, morals or general welfare, it may be upheld (ibid.). Here, the petitioners seeks to convert leased commercial property situated in the heart of a deteriorating neighborhood’s previously thriving business district to a private religious use. After appropriate investigation, the council determined that such a conversion would be incompatible and inconsistent with the city’s efforts to accomplish that district’s commercial rehabilitation and revitalization.
The extensive deterioration and disinvestment which the Broadway-Fillmore business district has experienced in recent years is all too evident. It is a matter of considerable municipal concern and a very real threat to the successful completion of the city’s entire Broadway-Fillmore neighborhood rehabilitation program. That substantially funded and carefully considered project bears an obvious and direct relationship to the general welfare of *712 our entire community and its successful completion is unquestionably in the public interest. Its ultimate success is clearly dependent, however, upon an immediate curtailment of the continuing deterioration of the neighborhood’s established business district. The council’s enactment of June 23, 1981, is reasonably designed to meet that necessity and to promote a consistent and controlled revitalization of the neighborhood’s commercial core by temporarily restricting the establishment of new noncommercial uses within the designated area. Such a limited mortorium is undeniably justified and is most certainly in the public interest. It represents a reasonable and legitimate response to a situation which seriously threatens the welfare of our entire community and its application in this case was clearly permissible (Matter of Charles v Diamond, 41 NY2d 318, 323-327; Westwood Forrest Estates v Village of South Nyack, 23 NY2d 424, 426-429). The petition is therefore denied.