■ MARY CORBETT, Appellant, v CITY OF NEW YORK, Respondent.—In an action for a judgment to declare the unconstitutionality of a resolution and map adopted by the Board of Estimate of the City of New York, plaintiff appeals from an order and judgment (one paper), of the Supreme Court, Richmond County (Rubin, J.), dated May 26, 1983, which, *inter alia,* denied plaintiff's motion for summary judgment, granted defendant's cross motion for summary judgment, and declared the map constitutional as applied to plaintiff's property.

Order and judgment affirmed, with costs.

Plaintiff has entered into a contract to sell a parcel of land acquired in 1954, which is subject to street map V-507-2180 adopted by the City Board of Estimate in 1940. The contract of sale was conditioned upon plaintiff's securing the demapping of the street and delivering title to a building plot.

Plaintiff has therefore instituted this action to challenge the constitutionality of the resolution and map which created the street. Special Term rejected her challenge, and we agree. An unconstitutional taking occurs when, without compensation, the city deprives a plaintiff of the use and enjoyment of all, or the bulk of, its land for an indefinite period *(Jensen v City of New York,* 42 NY2d 1079). Here plaintiff purchased the parcel in question as part of a larger parcel, after the mapping of the street; at the time of the purchase, the map did not affect the bulk of the property. Plaintiff previously sold off all but the mapped portion, rendering this piece unsaleable. The map affected only one quarter of the plaintiff's original parcel, rather than the bulk of it. Therefore, no taking occurred. Plaintiff may not, through her own acts, render her land unsaleable and then seek to have the street demapped. Accordingly, the order and judgment of Special Term is affirmed. Mangano, Thompson, Brown and Eiber, JJ., concur.